## SUPREME COURT.

### SMITH agt. HALLOCK.

The 167th section of the Code, as amended in 1852, says, " the plaintiff may unite in the same complaint several causes of action, whether they be such as have been heretofore denominated legal or equitable, or both, where they all arise out of

1. " The same transaction or transactions connected with the same subject of action." 2, &c.

Now this has reference to such causes of action as are *consistent with each other*, not to those which are *contradictory*.

Therefore the plaintiff can not claim an absolute, unqualified title to land, as owner in fee simple, coupled with a claim for damages for obstructing him in the use of it, to a greater extent than is authorized by defendant's life lease, and especially for obstructing him in the enjoyment of a private right of way over a part of it.

*Westchester Special Term, May* 1853. Motion to strike out all that part of the complaint, except so much thereof as related to the claim for the recovery of the whole of the premises therein described, or that the same might be made definite and certain.

The complaint set forth that the plaintiff was the owner in fee simple of the premises in dispute; that the defendant wrongfully entered and took possession thereof, and erected a building, and piled timber, &c., thereon, so as entirely to occupy the same, and to prevent any use or enjoyment of the premises by the plaintiff; averred that the defendant claimed that he had good right to the possession of the premises during his natural life, by virtue of a certain lease. That the plaintiff was advised and believed that the defendant had no such right of possession, or if he had it was only whenever he might want to use the same for the purpose of ship building: that the exclusive occupation by the defendant was not for the purpose of ship building; that if the defendant had any interest or right of possession, it did not extend to the whole of such premises, and did not extend to a strip of land on the east side of the said premises from twelve to fifteen feet in width, and if the defendant had any interest or right of possession to the last mentioned strip of land, it was subject to a way over the same, which the plaintiff was entitled

to use and enjoy; and which the defendant, by the means afore-
said, obstructed and encumbered so as wholly to prevent the
plaintiff from using and enjoying the same. The plaintiff de-
manded that he might be adjudged to be the owner in fee simple
of the premises, and to recover possession thereof from the de-
fendant, and also damages to $100 for withholding possession of
the premises; and that the plaintiff might recover damages to
$100 for obstructing and encumbering the said way, if the said
defendant should be adjudged to own an interest or right of pos-
session in the said strip of land on the east side of the premises,
and for such other or further relief as should be just and equitable.

WM. WICKHAM JR., *for Defendant.*

GEO. MILLER, *for Plaintiff.*

S. B. STRONG, Justice.—The plaintiff seeks to recover in this
action,

1. The land in controversy, as the owner thereof in fee simple.

2. Damages for obstructing him in the use of it to a greater
extent than is authorized by the life (limited) lease to the de-
fendant, and especially for obstructing him in the enjoyment of a
private way over a part of it.

The first claim is founded on the supposition that the defendant
has no right whatever to the enjoyment of the land, and the
second upon an admission that he has a limited right to occupy
it. There is a discrepancy between the grounds of the two
claims which is contrary to the rules of pleading, and which, in
my opinion, is not sanctioned by the provision on the subject in
the last addition to the Code of Procedure. The 167th section,
as amended by the act of April 16, 1852, provides (*subd.* 1) that
the plaintiff may unite in the same complaint several causes of
action, " where they all arise out of the same transaction or
transactions connected with the same subject of action." This
has reference to such causes of action as are consistent with each
other; not surely to those which are contradictory. The latter
can not spring from the same transaction, nor can all of them be
connected with the same subject matter for the palpable reason
that they can not coexist. Besides, the 5th subdivision retains
the provision in the Code previously enacted, authorizing the

junction of claims to recover real property, with or without damages for *withholding* thereof and the rents and profits of the same. That would indicate that the union in such cases should go no further; that it should not extend to a claim for the interruption of the enjoyment of an incorporeal right in land, to which the plaintiff at the same time had the absolute unencumbered and unqualified title in fee simple. The claim of a special right in one is virtually an admission of the general right of possession (at least for the time being) in another; and the damage in such case is not for withholding the land, but for interruption of its qualified enjoyment.

The plaintiff must amend his complaint by limiting his claim, at his election, either to the recovery of the land, with damages for withholding it and the rents and profits, or to the damages caused by any unauthorized use of it by the defendant, and the ·interruptions caused by the defendant to the plaintiff's qualified right to its enjoyment, or to the enjoyment of any part, or right in such part, of it.

The plaintiff may so amend in twenty days after service of a copy of the order to be entered pursuant to this opinion and without costs. The defendant's costs of this motion, amounting to ten dollars, must abide the event of the suit.