## MARTIN *a.* MATTISON.

*Supreme Court, Sixth District; Special Term, November,* 1858.

### PLEADING.—INJURIES TO CHARACTER.

If a complaint containing several causes of action is demurred to, on the ground that the several counts do not state facts sufficient to constitute a cause of action, the demurrer must be overruled unless all the statements are insufficient.

Causes of action for libel, slander, and malicious prosecution in behalf of the people, for a crime, may be joined in one action. They are all injuries to character.

Demurrer to the complaint.

The complaint contained statements of four causes of action : one for malicious prosecution in behalf of the people, before a justice of the peace, for a crime ; one for libel ; and two for slanderous words spoken.

The defendant demurred to the complaint upon the following grounds, viz.: 1st. The several counts therein do not state facts sufficient to constitute a cause of action; 2d. The complaint improperly unites several causes of action for injuries to the person with causes of action for injuries to character, viz., malicious prosecution, libel, and slander; 3d. The first count unites injuries to the person with injuries to character.

*S. Kellogg*, for plaintiff.

*George A. White*, for defendant.

By the Court.—Balcom, J.—The several counts in the complaint are not demurred to separately; therefore, if either count states facts sufficient to constitute a cause of action, the first cause of demurrer is not well assigned. The complaint is very inartificially drawn; but I think one count, at least, does state facts sufficient to constitute a cause of action.

Prior to the Code, counts for slander and malicious prosecution could be joined (*Grah. Pr.*, 2d ed., 96). Blackstone defines injuries affecting reputation to be:—First—Malicious, scandalous, and slanderous words (3 *Blackst. Com.*, 123). Secondly—Printed or written libels, pictures, signs, and the like (*Ib.*, p. 125). Thirdly—Malicious indictments or prosecutions (*Ib.*, p. 126). And I think causes of action for libel, slander, and malicious prosecution in behalf of the people for alleged crime, may be joined under the Code; for they are all injuries to character. (See *Code*, § 167.) It follows, that the demurrer to the complaint is not well taken. It must, therefore, be overruled, with costs; but the defendant may answer the complaint within twenty days after service on his attorney of a copy of the order overruling the demurrer, on paying the costs occasioned thereby.

Decision accordingly.