## LORD *a.* VREELAND.

*Supreme Court, First District; Special Term, April,* 1861.

JOINDER OF ACTIONS.—LIABILITY OF A DEFENDANT IN SEVERAL DISTINCT CAPACITIES.—IRRELEVANCY OF THE RELIEF DEMANDED.

The plaintiff, formerly the tenant of a lessor now deceased, brought an action to recover damages for the breach of a covenant in the lease, that he should receive a renewal of the lease, executed by parties entitled to the premises, from which the plaintiff had been evicted by title paramount to that of his lessor. The complaint claimed to recover from the defendant, as executor of the lessor, and also as executor of a devisee of the lessor, and also in his individual capacity as grantee from the lessor's devisee, for the damages sustained by the eviction. *Held* (on demurrer to the complaint, upon the grounds that it did not state facts sufficient to constitute a cause of action, and that several causes of action were improperly united), that the defendant was liable in each of these three capacities, and that the liability in these three respects could be enforced in one action. Where a complaint is faulty in claiming relief not authorized by the facts set forth,

the defendant's only remedy is by motion to strike out such parts of the demand. for relief as are irrelevant.

On the argument and decision of a demurrer to the complaint, the court can make no order for an amendment in respect to the extent of the relief demanded in the complaint.

Demurrer to a complaint.

This·action was commenced to recover of the defendant, as executor of Eliza Lewis, and as executor of Daniel W. Gautier, and in his individual capacity, damages, by reason of alleged breaches in the covenants set forth in certain leases, mentioned in the complaint. The complaint set forth that on the first day of November, 1841, one Eliza Lewis, by·an indenture of lease, demised and let to the plaintiff the premises known as 51 Beaver-street, in the city of New York, to have and to hold unto the plaintiff, his executors, administrators, and assigns, until the first day of May, 1853; at the yearly rent of twelve hundred dollars, until May 1, 1843, and fifteen hundred dollars for the remainder of the term. The covenants in the lease were recited in the.complaint. The lessor covenanted for the quiet enjoyment of the premises by the lessee during the term, and that at the expiration of the term, she, her heirs, executors, administrators, or assigns, should and would grant and execute unto the party of the second part, his executors, administrators, or assigns, a renewal of the lease, for the further term of twenty-one years, at a yearly rent to be ascertained, as provided in the lease, and that the renewed lease should ₃be executed by parties lawfully entitled to the premises; that at the expiration of such renewed lease, the party of the first part, her heirs, executors, administrators, or assigns, should and would pay unto the party of the second part, his executors, administrators, or assigns, the value of the buildings erected by him or them upon the demised lands, which value shall be ascertained by three disinterested persons, on oath, to be chosen by the parties interested; that the renewed lease should be executed by both parties, and should contain the like provisions, covenants, and conditions, excepting only that the lease in renewal should not contain any covenant for a further renewal; that such lease was duly.executed under seal, and acknowledged by Eliza Lewis, and duly recorded; that the plaintiff went into posses-

sion of the premises and erected buildings thereon of the value of $25,000, and continued in peaceable possession of the same till July 16, 1860; and that during said period he fulfilled all the conditions and provisions on his part in said lease contained. That Eliza Lewis departed this life on the 15th day of February, A. D. 1846, leaving her last will and testament, dated January 28, 1846, duly executed, and which was admitted to probate by the surrogate of the county of New York, on or about the 22d day of July, 1846, and proved as a will of real and personal estate. Also, that said Eliza Lewis, in her will, appointed defendant and one Abel T. Robeson executors, and that letters-testamentary were issued to said Robeson and Hartman Vreeland, by the said surrogate, on or about the 22d day of July, 1846. And that Abel T. Robeson, on or before the 1st day of May, 1852, departed this life, leaving Hartman Vreeland sole acting executor. That by such will the premises in question were devised to Daniel W. Gautier. The complaint continued :

" The plaintiff further shows that by virtue of said will the said Hartman Vreeland, as executor, received from Eliza Lewis a large amount of personal property, amounting, as plaintiff is informed and believes, to more than fifty-three thousand dollars; and that the real estate, to the value, as plaintiff is informed and believes, of more than fifty thousand dollars, was in said will devised to, and thereafter vested in, said D. W. Gautier.

" The plaintiff further shows, that the said Daniel W. Gautier, on or about the 11th day of January, 1847, did convey all the said real estate so devised to him by Elizabeth Lewis, to John Leveridge, in trust, upon the death of said D. W. Gautier to convey the same to the defendant, Hartman Vreeland, as will appear by said deed, recorded in the office of Register in and for the city and county of New York, in Liber 485, p. 243, and which is referred to for a full description of said real estate as a part of this complaint. And the said John Leveridge did thereafter, on or about the 5th day of May, 1852, according to the terms of said last-mentioned deed, convey the said real estate unto Hartman Vreeland, by deed recorded in said office, in Liber 646, p. 167, May 18, 1853.

" The plaintiff further shows, that the said Daniel W. Gautier

departed this life on or about the 23d day of December, 1848, leaving his last will and testament, which was admitted to probate by the surrogate of the county of New York, on or about the 13th day of June, 1853. That by said will the said Daniel W. Gautier did devise all his real and personal estate unto said Hartman Vreeland, and did therein appoint Hartman Vreeland and John Leveridge executors of the same, and that letters-tes tamentary upon said will were issued to the said Hartmar Vreeland only, on or about the 14th day of June, 1853.

" Plaintiff further saith, that said Hartman Vreeland, as such executor, has filed no inventory of the personal estate of said Daniel W. Gautier; but this deponent is informed, and so charges, that he has received of personal estate belonging to said D. W. Gautier, more than fifty thousand dollars, over and above the debts due by said D. W. Gautier; and has also received the real estate above mentioned, devised by said Eliza Lewis to said D. W. Gautier. The plaintiff further showeth, that Abel T. Robeson has departed this life, leaving the said Hartman Vreeland sole executor of said last will and testament of Eliza Lewis.

" The plaintiff further showeth and charges, that the personal estate mentioned in the will of Eliza Lewis came into the hands of the said Hartman Vreeland as executor; and that the same, or a large proportion of the same, still remains in his hands as executor, and that his accounts, as such executor, are not closed, and no final accounting before said surrogate has been had by him.

" The plaintiff further shows, that the specific property devised by said Eliza Lewis to said D. W. Gautier was, by said Daniel W. Gautier, devised to Hartman Vreeland, and was by said Hartman Vreeland received; and that the value of the same, in real and personal property, was, as plaintiff is informed and believes, upwards of fifty thousand dollars, and that no final accounting has been had by said Hartman Vreeland, as executor of Daniel W. Gautier, before said surrogate.

" The plaintiff further shows, that on or about the 5th day of May, 1852, the said Hartman Vreeland and Eliza B. his wife, did convey a portion of said premises mentioned in the will of Eliza Lewis, and in the will of D. W. Gautier, to Ann Hewitt, wife of Clark Hewitt, Hannah Mason, wife of John W. Mason,

Mary Cassady, wife of James Cassady, Charlotte Gautier, Hartman V. Van Horn, John G. Van Horn, Jr., Helen D. French and Samuel T. Gautier, Josiah H. Gautier, Thomas Gautier, Anna E. Gautier, Francis P. Gautier, William H. Gautier, James R. Gautier, Helen D. Gautier, Elizabeth G. Wakeman, Annie Wakeman, Edmund D. 'B. Wakeman, Jabez Wakeman, and Sarah Wakeman, with the following reservations and conditions :"

The covenants in this conveyance were here set forth in full; they contained the following reservations in favor of Vreeland: 1. A lien and charge upon the premises, to indemnify Vreeland against seven-eighth parts of all debts, if any, then unpaid, or which might thereafter be established against the estate of Elizabeth Lewis, or against the estate of Daniel W. Gautier, due to or claimed by persons other than any of the parties thereto; which debts, if any there were, should be borne by the parties in proportion to the above-granted shares of the estate,— Vreeland to bear one-eighth part thereof, as chargeable on his share, reserved. 2. The rents, issues, and profits, until the whole of said rents (including the shares of the party of the first part) should amount to four thousand eight hundred and twenty dollars, residue of certain costs and expenses, and charges agreed to be paid, that in case any of the leases granted by Elizabeth Lewis in her lifetime, of any part of said premises containing covenants for renewals, or otherwise to pay the value of improvements, should expire while Vreeland was in possession, then that Vreeland might have such improvements appraised and valued according to the terms of the lease, and pay such appraised value, so as to extinguish such lease or leases; and for the purpose of paying such appraised value, the said Hartman Vreeland might, from time to time, mortgage in fee, by good and sufficient deeds, such premises, the lease of which had or might expire. The complaint continued:

"And that the said James and Mary Cassady, on or about October 21, 1853, did convey her portion to Geo. G. Andrews, by deed recorded in said register's office, Liber 644, p. 687; and the said Samuel T. Gautier and wife did convey his portion to Benjamin Andrews, on or about January 27, 1854, by deed recorded in said office, Liber 658, p. 213.

"That on the 1st day of May, 1853, the said term mentioned

in said lease did expire, and the plaintiff became entitled to a renewal of the said lease, for the term of twenty-one years, at the yearly rent of five per cent. on the valuation of the said premises; that the said last-named persons, owners of the fee of said premises, did neglect and refuse to give the said renewal, according to the terms of said lease; and that thereupon the said plaintiff did commence his suit in the Supreme Court of the State of New York, on or about the eighth day of September, 1854, against the owners of the fee of said premises as last-named, to compel the execution of a renewal of said lease, according to the covenants therein contained. And such proceedings were thereupon had, that the said court did, on or about the 6th day of June, 1856, adjudge and decree that said defendants should execute renewals of said lease, according to the covenants in said lease contained, at the annual rent of fifteen hundred dollars. And thereupon the said Hartman Vreeland and Eliza his wife, in their own right, and the said Hartman Vreeland, assuming to act as attorney of Clark Hewitt and Ann Hewitt, and as surviving executor of Eliza Lewis, and as executor of the will of Daniel W. Gautier, also, Charlotte Gautier, Hartman V. Van Horn, John G. Van Horn, Jr., George G. Andrews, and Benjamin Andrews, did execute, under seal, and deliver to the said plaintiff, a lease of said premises, bearing date the first day of May, 1853, for the term of twenty-one years, at the annual rent of fifteen hundred dollars. That said renewal lease, on the part of each of said lessors, contains the same covenants, and in the same language, as are before recited, excepting a covenant for a second renewal, and to which the plaintiff begs leave to refer.

"That the expenses of said plaintiff, in and about the said suit, were six hundred dollars, paid on or about January 9, 1857.

"The plaintiff further saith, that on or about the 14th day of March, A. D. 1857, Henry N. Van Schayck did commence in this court three several suits of ejectment against this plaintiff, demanding, by paramount title, one undivided sixth of said premises in said leases described. And that, on or about the day of July, 1857, John O. Disbrow, and others, plaintiffs, did commence in this court a similar suit, demanding, by paramount title, the possession of a portion of said premises.

"That in this court, on or about the 7th day of March, 1859,

Thomas Warne, and others, plaintiffs; and on or about the 9th day of February, 1860, Augustus N. Smith, and others, plaintiffs; and on or about the 9th day of February, A. D. 1860, Horace S. Young, and others, plaintiffs, did commence their several suits against this plaintiff, demanding and claiming, by paramount title, the remaining portion of said premises.

"The plaintiff further saith, that notice of said suits being commenced, and of the claim therein made by the plaintiffs, was given to the said Hartman Vreeland, and others above named, claiming the fee, as landlords of the plaintiff. And that this plaintiff did defend all said suits, together with Hartman Vreeland, individually, and as executor of Eliza Lewis, and of Daniel W. Gautier, and Eliza B. Vreeland, wife of Hartman Vreeland, Charlotte Gautier, Hartman V. Van Horn, John G. Van Horn, Jr., Clark Hewitt, and Ann Hewitt his wife.

"The plaintiff further saith, that such proceedings in the said several suits were had that judgment was given by the said Supreme Court in each of the said suits, adjudging that the plaintiffs in the said suits were lawfully entitled to the possession of said premises, as owners of the same by title paramount to that of said plaintiff, under said lease by Eliza Lewis, and the renewal of the same above mentioned; and that the plaintiff should deliver up to them the possession of the same, and that thereupon this plaintiff was expelled from said premises by lawful right and paramount legal title of said plaintiff in said suits, and was evicted of said premises, and removed from the same by the sheriff of the city and county of New York, acting under the direction of the said judgment; and that the said plaintiffs did recover against this plaintiff, as costs and damages, the sum of thirteen hundred and one dollars and thirty-three cents; and the expenses of the plaintiff in defending said suit were twenty-five hundred dollars.

"And that the plaintiff has suffered damages, by being so dispossessed, in the sum of thirty thousand dollars, over and above the value of the buildings erected on the same.

"The plaintiff further saith, that he has kept, on his part, all the covenants and conditions of said lease.

"Plaintiff further alleges, that he erected on said leasehold premises, during the continuance of the first lease mentioned, valuable buildings, at a cost of more than thirty thousand dol-

lars; and that said buildings, remaining on said premises at the time of the eviction of the said plaintiff as aforesaid, were, as deponent believes, worth the sum of twenty-five thousand dollars.

"And the plaintiff charges, that by reason of the said eviction, and of the covenants and agreements in each of said leases, contained in regard to said buildings, the defendants have become indebted to the said plaintiff for the full value of the same, amounting to the sum of twenty-five thousand dollars, in addition to the damages and expenses aforesaid.

"And the plaintiff further shows, that by the said eviction of the plaintiff from the said premises, as aforesaid, the said covenants, on the part of Eliza Lewis, in the first lease mentioned, and on the part of Hartman Vreeland and Eliza B. his wife, and on the part of said Hartman Vreeland, as executor of the last will and testament of Eliza Lewis, and also as executor of the last will and testament of the said Daniel W. Gautier, and on the part of the said Clark Hewitt and Ann his wife, Charlotte Gautier, Hartman V. Van Horn, John G. Van Horn, have been broken by each of said persons so covenanting, inasmuch as neither they, nor any of them, have protected the said plaintiff in the quiet and peaceable enjoyment of said premises, without any manner of let, suit, trouble, or hindrance, of or from the said lessors, and all other persons whatsoever, as is mentioned in said leases; and inasmuch as the giving of the second renewal mentioned in the lease of Eliza Lewis, and of the renewal mentioned in the second lease by Hartman Vreeland, and others, has been rendered impossible. And the plaintiff further shows, that the said covenant of Eliza Lewis, for the first renewal of said lease, has been broken by each of said persons so covenanting, inasmuch as said renewal lease has not been given and executed by all parties claiming the fee of the same under Eliza Lewis, and entitled to the same under her will and by mesne conveyances.

"And the plaintiff further showeth, that the covenant in said lease by Eliza Lewis, and in the said lease made by defendant, Hartman Vreeland, and others, that on the termination of the renewals in said leases mentioned the said plaintiff should be paid the value of the buildings erected by him on the said demised premises, in manner as stated in said leases, has been

Lord *a*. Vreeland.

broken by the said defendants, inasmuch as by said eviction the value of said buildings has become, by said covenants, due and payable to this plaintiff from the defendant.

" And the plaintiff further shows, that no assets or personal estate of Eliza Lewis, or of the said Daniel W. Gautier, were delivered to the respective next of kin of the said deceased persons. And, as the plaintiff is informed and believes and charges, that the assets of or personal estate of the said Eliza Lewis, and of the said Daniel W. Gautier, were and are not sufficient to satisfy the demands of the plaintiff herein.

" And that no real estate of the said Eliza Lewis, or of the said Daniel W. Gautier, descended to their respective heirs at law.

" And the plaintiff further shows, that the said estate of Daniel W. Gautier, for the reasons aforesaid, is liable to him in the sum of fifty-seven thousand one hundred dollars, with interest, from periods of payment above named, on account of the real and personal estate received by said Daniel W. Gautier, as the residuary legatee and residuary devisee under the will of Eliza Lewis.

" And that the said Hartman Vreeland, as executor of the will of Daniel W. Gautier, and personally as sole legatee and devisee under the will of Daniel W. Gautier, and personally on account of the breach of his covenant in said renewal lease contained as aforesaid, is liable to the said plaintiff for the breaches of said covenants aforesaid, for the said sum of fifty-seven thousand one hundred dollars, and interest, as last aforesaid; for which amount the plaintiff demands judgment against the said Hartman Vreeland, as executor of Eliza Lewis, to the amount of personal estate received by him as such executor, and against the said Hartman Vreeland, as executor of Daniel W. Gautier, to the amount of personal estate received by him as such executor, and against the said Hartman Vreeland, in his individual capacity, for the whole of said amount of fifty-seven thousand one hundred dollars, and interest, from the times of payment, viz.: on six hundred dollars, from January 19, 1859; on twenty-five hundred dollars, from July 24, 1860; and on fifty-five thousand dollars, from July 16, 1860."

To this complaint, the defendant demurred as follows:

[*Title of the cause.*]

" The defendants say that they, and each of them, demur to so

much of the complaint in this action as relates to the lease, alleged in the complaint to have been executed by Eliza Lewis, and to all the claims and causes of action pretended to be founded thereon; and for cause of demurrer, show that it appears by the complaint that the second lease in the complaint mentioned, bearing date the first day of May, 1853, was accepted by the plaintiff in full satisfaction of all the covenants of Eliza Lewis, in the deed executed by her.

"And for further cause of demurrer to the same, these defendants say that several causes of action have been improperly united against them, in which they are not in all their several capacities interested; and that the said Hartman Vreeland, individually, or as executor of Daniel W. Gautier, has no interest or concern in any supposed covenants of the said Eliza Lewis; and as regards the several expenditures alleged to have been made by the plaintiff, these defendants, and each of them, say that the complaint does not state facts sufficient to constitute a cause of action.

"And the defendants, and each of them, further show, that the plaintiff's claims, under the lease executed by Eliza Lewis, are improperly joined with those under the second lease before mentioned, in which are parties having no responsibility for the alleged covenants of the said Eliza Lewis.

"And as regards so much of the complaint as relates to the second lease in said complaint mentioned, and the plaintiff's claims and pretended causes of action under the same, these defendants, and each of them, demur thereto; and for cause of demurrer show, that there is a defect of parties defendants, and that the greater part of those who executed the joint covenants in the said second lease contained, are omitted to be made parties; and that in addition to these defendants in the several capacities named, all the other joint covenanters in the said second lease should have been made parties defendants; and that Eliza Vreeland, Clark Hewitt and Ann Hewitt, Charlotte Gautier, Hartman V. Van Horn, John G. Van Horn, Jr., George G. Andrews, and Benjamin Andrews, and each of them, is a necessary party defendant to an action by the plaintiff on the joint covenants executed by them, and these defendants in the said second lease contained; and that an action on the covenants contained in the said second lease cannot properly be

Lord *a.* Vreeland.

united with an action on the covenants in the said first lease contained, inasmuch as the proper parties defendants in actions on the covenants in the two leases differ, as aforesaid.

" And as regards all the other matters in the said complaint contained, besides those founded on the two leases before mentioned, these defendants, and each of them, demur thereto; and show, for cause of demurrer, that the same do not state facts sufficient to constitute a cause of action. And they show for further cause, that the said several pretended causes of action have been improperly united against these defendants in their said several capacities, in some of which they are not all interested.

" Wherefore, for want of a proper and sufficient complaint, these defendants demand judgment, and that this action be dismissed, with costs."

*Henry Day* and *Daniel Lord*, for the plaintiff.

*William Silliman* and *John Leveridge*, for the defendant.

INGRAHAM, J.—The defendant is sued, in different capacities, for a breach of covenant, in a lease executed by Eliza Lewis. He is held to be liable as such, because the covenant was made by her. He is sought to be made liable as executor of Gautier, because Gautier was the residuary legatee under the will of Eliza Lewis, and received a large amount of real and personal estate.

Hartman Vreeland, in his individual capacity, is sought to be charged as the devisee of real estate from Gautier, which formed a part of the residuary estate of Eliza Lewis, and which was devised to Gautier.

It seems to me that Vreeland, in all the capacities in which he is sued, is properly made a defendant, if the plaintiff seeks to obtain a judgment for the damages arising from the breach of the covenant in the lease of Eliza Lewis, and to obtain a judgment therefor, against the heirs or devisees of Lewis.

So far as the facts are set out in the complaint, there is claimed to be but one cause of action, viz., damages for breach of a covenant in the lease of Eliza Lewis: that covenant was that future renewals should be granted, and that such renewals

should be made by parties lawfully entitled to the premises. The proceedings to compel a renewal of the lease were no bar to this action. That might be a bar to the covenant, that required a renewal of the lease to be given by the lessor, her heirs, executors, administrators, or assigns, inasmuch as it would have been a performance by them. At that time, the defect of title was unknown, and if it were not for the covenant first mentioned, I suppose the plaintiff's only remedy would be on the covenant of quiet enjoyment in the second lease. But the additional covenant, that the renewed lease shall be executed by parties lawfully entitled to the premises, has not been performed, and the breach of it furnishes a good cause of action against the representatives of Eliza Lewis.

It is proper, also, to state that in this complaint there is but one cause of action set out. In order to obtain a proper remedy, therefore, against the representatives and devisees of Eliza Lewis, all the matters set out in the complaint are proper and pertinent; and although they might be used for the foundation of another cause of action, yet the insertion of the second lease in the complaint cannot be said to be entirely irrelevant, to show the breach of the first covenant.

For these reasons, I am not able to adopt the conclusion that more than one cause of action is set out in the complaint. The plaintiff can only recover for one cause, as the claim upon the second lease is not set up as a further or separate cause of action.

It is true, in his prayer for relief he claims damages against Vreeland in his individual capacity. But the prayer of the complaint is not to be demurred to. If the defendant is entitled to any remedy in regard to the complaint, it can only be by motion to strike out such parts as are irrelevant. As it stands before me, it is but for one cause of action, and the objection as to misjoinder of causes of action is not well taken.

The objection of defect of parties is answered by what I have already stated. The action is not on the renewed lease; it was therefore unnecessary to make as parties persons who were not parties to or representatives of the original lessor.

I am very free to state that the claim for damages against Vreeland personally, as lessor of the second lease, cannot be sustained in this action, and if it had been stated in the com-

plaint as a separate cause of action, it would have been a good ground of demurrer. It appears to me proper that the plaintiff should amend his complaint in this respect, so as to confine the claim solely against the representatives and devisees of Eliza Lewis.

I, however, can make no order therefor on this demurrer.

Judgment for plaintiff on demurrer, with leave to defendants to amend on the usual terms.