## SMITH a. DOUGLASS.

*New York Common Pleas; At Chambers, Aug.*, 1862.

INCONSISTENT CAUSES OF ACTION.—COMPELLING PLAINTIFF TO ELECT.

The court will not compel a party to elect between several causes of action properly pleaded, although it appears probable that on the trial but one cause of action will be presented by the pleader.

Motion to compel the plaintiff to elect between the several counts of his complaint.

This action was brought by William E. Smith against Benjamin Douglass and Robert G. Dun, to recover the sum of $10,000. The complaint, by way of preamble, set out an agreement in writing, by which the defendants employed the plaintiff as clerk for the term of five years from the 15th day of April, 1857, at a salary of $600 for the first year, with an increase of $100 for each year succeeding. The plaintiff was to devote his entire time to the service of the defendants, under their direction and control, during the life of the agreement, but was to receive an extra compensation at the rate of twenty cents an hour for such work as he should, during the first two years of his employment, perform outside of the regular business hours. Defendants were at liberty to terminate the agreement upon a notice of ten days.

The complaint then set forth seven causes of action, as follows:

1. That under the written agreement in question plaintiff served defendants from April 15, 1857, till the expiration of the five years named in the agreement, on account of which defendants were indebted to him in the sum of three thousand dollars, with interest, exclusive of all other causes of action in the complaint.

2. That plaintiff worked extra hours beyond those named in the agreement, from April 15, 1857, till April 15, 1859, at defendants' request, for which " defendants in and by said contract" agreed to pay plaintiff at the rate of twenty cents per hour, for which defendants were indebted in the further sum of three thousand dollars and interest, which sum complaint said " is not contained in any other count or cause of action."

3. Plaintiff within the two years last named " did and performed work, labor, and services, not contemplated in the agreement," for which defendants agreed to pay what they were reasonably worth—and they were worth the sum of three thousand dollars and interest.

4. Plaintiff returns to the agreement, and says that from April 15, 1857, to about August 15, 1859, he served faithfully under the agreement, when defendants without cause, or giving the ten days' notice named in the agreement, discharged him, expelled him from their office, and would not permit him to serve them. That plaintiff was always ready and willing, and

offered to serve; and that during the remainder of the five years he was without employment except occasional, and that he was damaged by such acts of defendants to the amount of ten thousand dollars.

5. That defendants were indebted to plaintiff in the sum of *five* thousand dollars for services rendered by him to and for them from April 15, 1857, to April 15, 1859 ; then said the complaint, " which said sum of *three* thousand dollars has never been paid," but still remains due and owing with interest, " which is to the damage of plaintiff of *ten* thousand dollars."

6. That within those two years named, plaintiff performed work, labor, and services which were reasonably worth the sum of ten thousand dollars, but which is wholly due and unpaid, with interest, to his damage ten thousand dollars.

7. That defendants were indebted to him in the sum of three thousand dollars for the *interest* legally accruing upon the several causes of action set forth, which has never been paid, and which is to plaintiff's damage, $3,000.

On the complaint and an affidavit of the defendants that the written agreement set out in the complaint was the only contract ever made by the parties, defendants moved to compel the plaintiff to elect between his causes of action.

*George W. Parsons*, for the motion.—I. It is manifest, both from the complaint itself, and the affidavit of defendant Dun, that there is really but a single ground of action embraced in the complaint.   And the ingenuity exercised in the use of forms of expression in multiplying counts, is only an evasion of the plain and well-settled rules of pleading.

II. Plaintiff's counsel has had experience in settling the practice or form of pleading in such cases.   One of the prominent cases is Lackey *a*. Vanderbilt (10 *How. Pr.*, 155).   Strong, J., there delivered an able opinion, which conforms substantially to the other leading cases.   (See Duning *a*. Thomas, 11 *How. Pr.*, 281 ; Churchill *a*. Churchill, 9 *Ib.*, 552 ; Cheney *a*. Fish, 22 *Ib.*, 237.)   The last published experience of plaintiff's counsel in this department of pleading is in the case of Fern *a*. Vanderbilt (13 *Abbotts' Pr.*, 72).

III. The doctrine of the Code is forcibly stated by Mr. Justice Strong in Lackey *a*. Vanderbilt (10 *How. Pr.*, 155), that

" there can be but one substantially true statement of a single cause of action, and the practice of setting it forth in different counts is necessarily abolished. A mere formal variation is unnecessary, while a substantial one would involve contradiction, and one must be false." 1. This is eminently true of this case. All these causes of action cannot be true. There can be but one truthfully stated, which is the claim for regular and extra services, *both* of which are provided for in the agreement. 2. There is nothing in the agreement inconsistent with plaintiff's rendering legal services for them while serving as a clerk with no defined duties. And the complaint does not aver that such services were extra or more valuable than any specified services agreed to be rendered. 3. The falsity and inconsistency of the averments appear from the fact that the summons claims to recover for a gross sum of ten thousand dollars, while the claims in the seven counts sum up at about $44,000.

IV. Even if the rule laid down in the above cases be not followed, it is submitted that there is no rule of pleading under the Code which would allow of more than two counts in this complaint, viz.: one for services rendered under the agreement, and one for a breach of the agreement, or for services offered and refused.

*Peter Y. Cutler,* opposed.—I. To determine whether the plaintiff should be compelled to elect, the complaint alone should be looked to.

II. The motion is not to strike out the pleading as a sham, but to compel the plaintiff to elect between several counts, stating on their face a good cause of action ; such a practice, once inaugurated and duly encouraged, would multiply the business of the special term tenfold.

III. It may be said that the first count, averring performance by the plaintiff of a contract for work, labor, and services, is inconsistent with the subsequent counts, admitting that the defendants discharged and dismissed the plaintiff before the term for which he was originally employed had expired. 1. Not at all. The plaintiff, under his first count, desires to present a claim for the entire sum, payable according to the contract, on the ground that he has performed, or been prevented by the defendants from performing (and that is in the law equivalent

to performance), the terms of the contract.    2. The fourth count is inserted for greater caution, in case of failure under the first count.

IV. The 2d count is for extra services as provided for by the contract; the third count is for extra work not contemplated by the contract; the 5th count for professional services as attorney and counsellor.  This count was held to be good in Beekman *a.* Platner (15 *Barb.*, 550); 6th, *quantum meruit;* 7th count is for interest.  These causes of action are, upon the stating of them (and they must be tried upon the pleading alone and not by affidavit), for separate and distinct causes of action; it does not appear on the face of the complaint that the services for which a recovery is sought, are the same, except, perhaps, the services mentioned in the 1st and the 4th counts, and as to those, the reason that the plaintiff's services being continuous, and for the same sureties, although of various descriptions, and in several different capacities, he could not split it up into different actions, but must sue for the whole in one action.· (8 *Wend.*, 492 ; 13 *Ib.*, 557, 644.)  It was not necessary to state an account in the complaint.  (Beekman *a.* Platner, 15 *Barb.*, 550.)

V. Such novel experiments in practice, however exalted an opinion it may furnish us of the ingenuity and artistic skill of counsel, their learning in pleading as well as address in presenting all these to the court, as a matter of practical experience, such motions do not, on the whole, with all their valuable lessons, compensate us for the time and labor lost in opposing them.  This one, it is respectfully submitted, should be denied, with costs.

VI. The object of inserting the various counts in this complaint, is apparent.  It is to avoid the objection of variance between the declaration and the proof.  Now the allegation of performance is sustained by evidence, which will show that a waiver of performance was made by the party who had the right to claim it.  The defendants, when they dismissed and expelled the plaintiff, waived performance.  But the plaintiff did perform in part, in so far as he was allowed by the defendants to perform, and it will be for the judge, at the trial, to determine which count is sustained by the proof.

HILTON, J.—Although I think it quite probable that the plain-

tiff, at the trial, will present but one cause of action, yet, I do not perceive that because of that probability I would be justified in striking out several distinct causes which are properly alleged in his complaint.

It seems to me, that granting the present motion would be in effect determining before trial, and upon mere suspicion, that the plaintiff has not certain causes of action against the defendant, notwithstanding those causes have been averred in the forms recognized as sufficient in pleading.

Motion denied. Costs to abide event.

## CADWELL *a.* MANNING.

*Supreme Court, First District; At Chambers, November,* 1862.

### PRACTICE IN OBTAINING SECURITY FOR COSTS.

To obtain security for costs, the defendant should procure an order *ex parte*, directing security to be filed within twenty days, or, on failure, to show cause on the first motion-day thereafter why security should not be filed, with a stay of proceedings. In case security is not filed, and defendant's motion is granted, a peremptory order, operating as a stay of proceedings, will be allowed. Then, if security is not filed within a reasonable time, a motion to dismiss the complaint will be granted.

Motion to dismiss complaint for failure to file security for costs.

This action was brought by George Cadwell against Stille Manning, Samuel F. Righter, and Jarvis Gwinn, on an indorsement for $1,295.74. Manning and Gwinn obtained an order for the plaintiff, a non-resident, to file security for costs within twenty days, or show cause, on August 7th, 1862, why the complaint should not be dismissed. The plaintiff failed to furnish the security, and the motion to dismiss was brought to a hearing.

*Frederick G. Burnham,* for the motion.

*Ira D. Warren,* opposed.