## N. Y. SUPERIOR COURT.

### ISABELLA HENDERSON agt. EUGENE JACKSON.

Where the facts firstly stated in the complaint constitute a cause of action for *false imprisonment* and secondly, a statement of facts which would constitute a cause of action for *malicious prosecution*, but these statements are so blended and run into each other as to constitute the narration of an *entire transaction*—claiming damages for the false imprisonment as well as for the malicious prosecution, a *demurrer* to the complaint that several causes of action are improperly united, cannot be sustained. McCunn, J., *dissenting*.

A *motion* that the causes of action be separately stated and numbered, &c., should first be made, that the court can at once see that there are two distinct causes of action. Not require the court upon a demurrer, to sift out the whole transaction alleged, in order to ascertain whether two distinct causes of action are stated, which constitute a misjoinder.

*Heard at the March General Term*, 1870.

*Before* MONELL, McCUNN *and* JONES, *JJ.*

APPEAL from an order made at special term overruling a demurrer to the complaint.

The complaint alleged that "the defendant, on or about the 14th day of August, A.D. 1869, by himself and his servants and agents, arrested and imprisoned the plaintiff against her will, and put her in charge of a police officer, and forced and obliged her to go along the public streets of the city of New York, to a certain station-house, and charged her with the crime of petit larceny, and, without any warrant or legal process, caused her to be detained in a vile and filthy cell, without any comforts, conveniences, light, or food, all night, and again caused her to be taken next morning in custody, and, as a part of the same transaction, to a police court held at Yorkville, and before a police magistrate, falsely and maliciously, and without any reasonable or probable cause, made a complaint before

Henderson agt. Jackson.

such police court against the plaintiff, in which he falsely and maliciously charged the plaintiff with having committed the offense of petit larceny; and that, by such complaint and charge, as a part of the same transaction, the defendant caused the plaintiff, by process of commitment, to be imprisoned in a cell, in the house for detaining prisoners, for all that day and night."

Then follows a statement by way of aggravation of damages of the character and duration of the imprisonment. A further allegation is, " that by reason of such false and illegal arrest and imprisonment, and of such false and malicious charge, complaint, and prosecution, the plaintiff" has been greatly injured, &c.

The defendant demurred that several causes of action are improperly united.

The demurrer was overruled, and the defendant appealed.

R. A. PRYOR, *for appellant.*
H. BREWSTER, *for respondent.*

*By the court,* MONELL, J.—The facts stated in the complaint, if separated, are sufficient to constitute two causes of action.

The facts first stated constitute a cause of action for a false imprisonment; and those secondly stated constitute cause of action for malicious prosecution.

But the facts thus first and secondly stated are so blended and run into each other, as to constitute the narration of an entire transaction, commencing with an illegal arrest, followed by a false and malicious charge, and concluded by a further imprisonment.

The damages sought to be recovered are for the false imprisonment, as well as for the malicious prosecution.

No opinion appears to have been written at special term, and it is not, therefore, known whether the decision was placed on the ground that there was no misjoinder of ac-

tions, or that the remedy by demurrer was not appropriate. A demurrer is, of course, a proper remedy where two causes of action are improperly united, and we should be called upon, perhaps, to examine and determine the question of the alleged misjoinder of actions in this case, if the pleading was in form properly to raise it.

It has always, under our present system of pleading, been a *vexata questio*, whether facts should be stated according te their legal effect, or as they actually occurred or existed. The pleader in this case has followed the latter course, and given a connected narration of facts, which he claims constitute a cause of action.

In abolishing all *forms* of pleading, the Code did not quite leave the pleader to exercise his own judgment as to the manner of framing his pleading. The Code requires that it shall contain a "plain and concise statement of facts." If two causes of action are united they must be *separately* stated. ( *Code, section* 167 ;) and by rule of court must be plainly numbered. ( *Rule* 19.)

These regulations are not exclusively for the convenience of parties, or to merely furnish them with information concerning the action or defense. They are also for the convenience of the court, to assist it in the examination of the questions to be decided, and the court has the right, I think, to require that the provisions of the Code, and of their rules, should be complied with by attorneys, before it is called upon to determine any question in controversy. For this purpose the Code has provided that irrelevant or redundant matter in a pleading may be stricken out on motion, and indefinite or uncertain allegations may be required to be made more definite and certain.

Without, therefore, looking into the question raised by the demurrer in this case, whether a cause of action for false imprisonment and also for malicious prosecution can be united, it is enough to say that until the complaint is made to conform to the requirements of the Code and rules

of court, we will not take upon ourselves the labor of
ascertaining whether two causes of action are in fact
stated in the complaint. That question must be determined
before we are authorized to say there is a misjoinder, and
there should not be left any room for doubt on that sub-
ject. Therefore, as a preliminary, and to enable the ques-
tion of misjoinder to be made certain, a motion should be
made to require the causes of action to be separated and
numbered. If any matter in the statement of facts is irrel-
evant or redundant, a motion should be made to strike it
out. If it is indefinite or uncertain, it should be amended
definitely and certainly.

These, it seems to me, are the appropriate remedies for
this case, and until they are resorted to, and the causes of
action are so definitely and clearly stated in the manner
prescribed, that the court can at once see that there are
two distinct causes of action, a demurrer is not a proper, or
if a proper, not the only remedy.

The weight of decision is in favor of this view. notwith-
standing the very pointed case of *Anderson* agt. *Hill,* (53
*Barb.,* 238,) of which, however, it may be said that the
question of the appropriateness of the remedy is not dis-
cussed or alluded to in the *opinion,* although the objection
was distinctly taken on the argument of the case.

The cases in opposition are (*Blanchard* agt. *Strait,* 8
*How.,* 83; *Wood* agt. *Anthony,* 9 *Id.,* 78; *Lord* agt. *Vreeland,*
13 *Abb.,* 195; *and Cheeny* agt. *Fisk,* 22 *How.,* 236.). This
last case, very singularly, is a general term decision, made
in 1860, of the supreme court of the *same district* that made
the decision in *Anderson* agt. *Hill,* (*supra,*) but is not re-
ferred to in the opinion in the latter case. In *Cheeny* agt.
*Fisk,* the court says: "If s single count or statement of a
cause of action, or one that professes to be that, is found
upon examination to contain more than one cause of action,
it is not demurrable, *although the two causes, if stated separ-
ately, might not be united in one action,* but that in such case

the remedy is by motion." This case decides the precise question raised in *Anderson* agt. *Hill,* but not passed upon, directly at least, in that case.

As we are not informed of the views of the learned judge who decided this demurrer, we have the right to assume it was in accordance with ours, and that he held the demurrer not to be the proper remedy.

The order appealed from should be affirmed, with costs.

McCunn, J.—I must dessent in this case. These appeals are from orders at special term, overruling demurrers to the complaints for misjoinder of causes of action. The several causes of action are confounded in a single count; but this irregularity the defendant waives, and the precise point presented for consideration is, that the complaints embrace causes of action which are not properly united under the provisions of the Code.

Indisputably the complaints do exhibit two causes of action, viz. : a cause of action for false imprisonment, and a cause of action for malicious prosecution. The injuries alleged are " such false and illegal arrest, and such false and malicious prosecution ;" and the facts recited are sufficient to authorize a recovery on either ground. The question is, can a cause of action for false imprisonment be united, agreeably to the rules of our present practice, with a cause of action for malicious prosecution?

Under the common law system of pleading false imprisonment and malicious prosecution were not susceptible of being combined in the same complaint. The former inflicted an *immediate* injury on the person ; and the appropriate form of redress for this wrong was trespass *vi et armis.* The latter involved a *consequential* injury to the character; and the appropriate form of action for this grievance was trespass on the case. But, case and trespass constituted an exception to the general rule, that actions *ex delicto* might be united, and were not capable of being

combined. ( *Graham's Practice*, 2d ed., 96; *Howard* agt. *Banks*, 2 *Burrow*, 1114.)

Instead of relaxing the rigor of the ancient rule regulating the joinder of causes of action, the Code, in pursuance of its distinguishing object to compel the raising precise and definite issues on the record, superseded the former classification of wrongs with reference to their union in the same action, and in section 167 prescribed a much more narrow and stringent principle of practice. By that section causes of action are divided into *seven* distinct categories; and the rule declared that causes of action belonging to different classes shall not be united in the same complaint. (*Landon* agt. *Levy*, 1 *Abb.*, 376.) Hence, the causes of action comprehended by subdivision 3, *i.e.*, *injuries to person*, may not be combined with causes of action falling under subdivision 4, *i.e.*, *injuries to character*. Now, false imprisonment is an injury to the *person*; while malicious prosecution is an injury to the *character*. (*Black. Comm. B. K.*, 3, *ch.* 8 , *p.* 126 ; 2 *Bouvier Instit.* 508, *sec.* 2239; *Broom's Comm.*, 741 *Eng. ed.*, 1869; *Watson* agt. *Hazard*, 3 *Code, R.*, 218; *Martin* agt. *Mattison*, 8 *Abb.* 3 ; *Hull* agt. *Vreeland*, 18 *Abb.*, 182.) Being an injury to *character*, a cause of action for malicious prosecution may be united with a cause of action for slander, as in *Watson* agt. *Hazard*, and *Hull* agt. *Vreeland*,, (*supra*,) and with a cause of action for slander, and a cause for libel, as in *Martin* agt. *Mattison*, (*supra*.) Being an injury to character, a former recovery for malicious prosecution is pleadable in bar of an action for slander. (*Sheldon* agt. *Carpenter*, 4 *Comst.*, 578.) Being an injury to character, a former recovery in trespass for false imprisonment is *no* bar to an action for malicious prosecution. (*Guest* agt. *Warren*, 9 *Exch.*, 379.)

The essential and fundamental distinction between an action for false imprisonment and an action for malicious prosecution, is explained and illustrated by Lord MANSFIELD, in the leading case of *Sutton* agt. *Johnstone*, (1 *Term R.*,

544,) and by Mr. Justice EMOTT, in *Brown* agt. *Chadsey*, (39 *Barb.*, 260.)    The distinction is recognized and inculcated by every elementary treatise on the common law. The respondents argue that this distinction is obliterated by the Code; but it is only the distinctions between *forms* of action that are abolished.    The Code does not pretend to assimilate and identify all the various *causes* of action known to our system of jurisprudence; nor could such a result be realized by any fiat of legislation, since the difference between causes of action is a difference in nature and substance, and not merely of conventional classification.    Indeed the very section of the Code under consideration (*sec.*, 167) recognizes the distinction between causes of action, and upon that distinction bases its regulation as to the joinder of actions.    The objection, however, if tenable, would not avail the respondents; for, in terms, they demand redress as well for the injury to their persons by the false imprisonment, as for the injury to " their good name, fame, and credit" by the malicious prosecution.

The respondents' argument, that the ground of action in malicious prosecution is not necessarily an injury to character, is based upon a confusion of the *wrong* and the *damage*, and from the false analogy drawn from the nature of an action for malicious arrest in a civil proceeding.    Unquestionably, if imprisonment, or any other detriment to the person, or even to property, be the natural and legal consequence of the malicious prosecution, it may be alleged and proved in aggravation of damages; but that damage is not the cause and foundation of the action.    The wrong, the *injuria*, for which the law affords redress by an action for malicious prosecution, is an accusation of crime, made maliciously, without probable cause, and to the injury of one's reputation.    Hence, the distinction between an action for malicious arrest in a civil proceeding and an action for malicious prosecution.    Injury to character is not an element in the former, its essential ground being that the pro

cess of the law has been put in force maliciously, and without reasonable or probable cause; whereas the essential ground of the action for malicious prosecution is the injury to character involved in a false, wanton, and malicious accusation of crime. (2 *Robinson's Practice*, 594, *et seq.*,; *Brown's Comm.* 738; Lord CAMPBELL, C. J.,; *Churchill* agt. *Tiggers*, 3 *Ell. & Bl.*, 937; *Leyland* agt. *Taucre*, 166 *B.*, 669; *De Medina* agt. *Grove*, 10 *Adol. & El. N. S.*, 168.)

It results, then, that since these several causes of action, viz., false imprisonment and malicious prosecution, are classed under different subdivisions of section 167, they are improperly united in the same complaint, unless it appears that they arise out of the same transaction or transactions connected with the same subject of action. *(Sub.* 1 *sec.*, 167.)

In these cases, the pleader has attempted to obviate the objection of misjoinder, by alleging that the causes of action arise out of the same transaction. But this will not suffice. If the transactions be not in fact identical, they cannot be made one and the same by bare averment. The pleader must exhibit their identity by a recital of facts; and the court must see, from the face of the pleading, that they are in truth but one and the same transaction. *(Flynn* agt. *Bailey*, 50 *Barb.*, 78; *Fellerman* agt. *Dolan*, 7 *Abb.* 395; *Brown* agt. *Buckingham*, 21 *How.*, 192.) Now, it is obvious, on the plaintiff's own narrative of the facts of the case, that the two causes of action exhibited in the complaints stand upon distinct, substantive, and independent transactions. In the first instance, there was an arrest and imprisonment, without any pretence of legal warrant. That accomplished, the cause of action for false imprisonment was consummate. Afterwards, on another day, and at another place, the defendant preferred a criminal charge against the plaintiffs, procured them to be arrested on a legal warrant, and to be prosecuted for a criminal offense.

They were acquitted, and then (malice and want of probable cause being conceded,) the cause of action for malicious prosecution was complete. In a common sense as well as a legal view, here are two separate and distinct transactions. They are connected, and only connected, in sequence of time, as, in truth, are all human events. The transaction out of which springs the action for false imprisonment, was ended before commenced the transaction out of which arose the cause of action for malicious prosecution; for the moment the plaintiffs were arrested under a legal warrant, the false imprisonment ceased and determined. Every lawyer will see that the transaction which suffices to support an action for false imprisonment must necessarily be different from a transaction which suffices to support an action for malicious prosecution. The transaction which will avail to support the former action, is simply an *illegal imprisonment*. The transaction which will support an action for malicious prosecution, is a *legal* arrest, effected maliciously and without probable cause. Now, here are evidently two different and distinct transactions, unless we assent to the absurd proposition that a particular transaction, characterized by certain special and essential constituent circumstances, may be identical with another transaction distinguished by wholly dissimilar constituent elements. Nay, not only are the two transactions distinct, but they are inconsistent. In the one transaction there is a *legal* arrest, in the other an *illegal* arrest; and, except the same transaction may be, at one and the same time, both legal and illegal, it is impossible to affirm that these transactions are identical. Hence, the legal impossibility that an action for false imprisonment can arise out of the same transaction with an action for malicious prosecution. In *Sutton* agt. *Johnstone, (supra,)* Lord MANSFIELD, delivering the judgment of the exchequer chamber, says: "There is no similitude, or analogy between the action of trespass for false imprisonment and this kind of action, *i.e.,* malicious prosecution; an

action of trespass for false imprisonment, is for the defendant's having done that which, upon the stating of it, is manifestly *illegal.* This kind of action, *i.e.,* malicious prosecution, is for a prosecution which, upon·the stating of it, is manifestly *legal."* Thus, it is apparent, that the present actions are ruled by the principle propounded in *Smith* agt. *Hallock,* (8 *How.,* 73 ;) *Sweet* agt. *Ingerson,* (12 *How.,* 331;) *and Springsteed* agt. *Lawson,* (14 *Abb.,* 328,) namely, that though the causes of action arise out of the same transaction, they cannot be united in the same complaint, if they be inconsistent in their nature. The incompatibility of malicious prosecution and false imprisonment, is evident by the fact that the very circumstance which is essential and indispensable to the aupport of the one, would be fatal to the maintenance of the other. For, since the action for false imprisonment is based upon the illegality of the arrest, the very moment it appeared that the arrest was authorized by law, that instant the action falls to the ground. But the action for malicious prosecution necessarily assumes and implies that the prosecution was legal, else in contemplation of law there never was any prosecution—the gist of the wrong being, not an illegal prosecution, but a legal prosecution instigated maliciously and without reasonable or probable cause. So that the appropriate allegations and proofs by which these respective actions are to be sustained, are contradictory and irreconcilable. Assuming the two actions to proceed on the same transaction, evidence sufficient to support the one must necessalily be fatal to the maintenance of the other. The two actions are plainly inconsistent, and cannot be sustained on the theory that they arise out of the same transaction.

In the foregoing argument the most liberal meaning and effect are conceded to the word *transaction* employed in section 167 of the Code. But it is proper, to remark, that a very respectable authority restricts the legal sense of the word to " some commercial or business negotiation," and

denies its application to a tortious wrong. (*Barhyte* agt. *Hughes*, 33 *Barb.*, 320 ;) *so in Smith* agt. *Ingerson, and Springsteed* agt. *Lawson*, (*supra*,) it was held that an action for a breach of warranty on the sale of a horse, and an action for deceit on the same sale, could not be united in one complaint—the two causes of action not arising legally out of the same transaction. And in the former case, the court observed that the tendency of the courts is to restrain rather than enlarge the operation of section 167. Upon the principal points above discussed, the case of *Anderson* agt. *Hill*, (53 *Barb.*, 238,) is a direct and controlling authority, controlling as giving the deliberate and unanimous judgment of a general term, constituted of very eminent jurists. That case was this : The defendant assaulted the plaintiff; and in the very act, and instant of the assault, denounced the plaintiff as a " thief." Not only were the assault and slander simultaneous, but they originated in the same motive. Yet, the court sustained a demurrer for misjoinder on the grounds that one cause of action was for injury to the person, and the other, for injury to the character ; and that they could not be said to arise out of the same transaction, since the facts constituting the one cause of action were essentially different from the facts constituting the other cause of action.

The demurrer, under consideration, is sustained as well by the practical interests of administrative justice as by the technical principles of law. The function and end of all pleading is, to raise distinct issues on the record, so that confusion and embarrassment may be avoided at the trial, and the parties be admonished in advance of the allegations they are to support or defeat. (1 *Chitty Pleadings*, 201.) But how is it possible that the defendant, in these actions, can come prepared to meet the issues, when he is confronted with inconsistent charges ? How is it possible that the jury can decide the issues intelligently, when the proof which is essential to the support of the one action would be

absolutely fatal to the maintenance of the other—when, for example, in one contention they would have to find the arrest was without warrant of law, and in the other that the imprisonment was in pursuance of legal authority? How could the judge rule upon offers of evidence, when testimony which would be admissible in support of the claim for malicious prosecution, would be irrelevant and immaterial to the cause of action for false imprisonment? It is no answer to say that the plaintiffs should be compelled, at the trial, to elect on which cause of action to stand; for, besides the embarrassment to the defendant of apprising him only in the instant of trial of the demand he would have to meet, I see nowhere in the Code authority to oblige the plaintiffs to such election. (*Smith* agt. *Douglass*, 15 *Abb.*, 266; *Blossom* agt. *Barrett*, 37 *N. Y.*, 436.) But, the Code, in section 144, does make specific provision for correcting a complaint in which causes of action are improperly united. The demurrer is well taken; and the order overruling it must be reversed, with leave to plaintiffs, on payment of costs, to amend their complaints by stating one cause of action.