(15 Misc. Rep. 234.)
## ZRSKOWSKI v. MACH.

(Superior Court of Buffalo, General Term. December 23, 1895.)

JOINDER OF CAUSES OF ACTION—TORT AND CONTRACT.

> A complaint alleging a contract by defendant to pay plaintiff, in case of the death of her husband, $750, as insurance on his life, together with necessary doctor's fees and funeral expenses,—the latter to be paid immediately after his death,—failure and refusal to make any of such payments, consequent inability of plaintiff to arrange for the funeral, and the burial of insured at public expense, to plaintiff's disgrace and damage in the sum of $500, with a prayer for $750 as insurance, and $500 as damages for breach of contract, does not unite a cause of action in tort with one on contract. Both causes of action are for breach of the contract.

Action by Josefa Zrskowski against John Mach, as president, etc. Defendant demurs to the complaint. Demurrer overruled.

Argued before TITUS, C. J., and HATCH and WHITE, JJ.

Harring & Smith, for plaintiff.
John W. Fisher, for defendant.

TITUS, C. J. The defendant demurs to the complaint herein on the ground that two causes of action have been improperly united. The complaint alleges that the defendant is the president of an unincorporated association, of which the plaintiff's husband, at the time of his death, was a member in good standing; that in consideration of premiums paid by him the association agreed to pay to the plaintiff, his widow, within 60 days after notice of his death, the sum of $750, as insurance on his life, together with the necessary doctor's fees and funeral expenses (said fees and expenses to be paid, and said funeral to be arranged for, immediately after death, by the said association); that the notice of his death was duly given more than 60 days before the commencement of this action; and that the defendant neglects or refuses to pay the same. The complaint then proceeds, without separately numbering the causes of action, with: "The plaintiff is a poor woman, with limited means, and because of the failure of said association to arrange for and provide, and because said association wholly neglected to and refused to arrange for and provide, after the said death, the neces-

sary means for the burial, said plaintiff's husband was buried by the proper authorities at public expense, greatly to the sorrow and affliction of this plaintiff; that plaintiff, by reason of the said failure and refusal of said association to arrange for and provide suitable and proper burial for her husband's body, as by his said member-ship he became entitled to, and because of having thereby subjected plaintiff to the stigma and disgrace of having said body buried in an unknown grave in the potter's field, at public expense, has suf-fered damage in the sum of $500," and demands judgment for $750 as insurance, and $500 as damages for the breach of the contract.

The plaintiff evidently intends to allege two causes of action, both arising from a breach of the contract of insurance. The first is for the liquidated sum, being the amount agreed to be paid by the defendant on the death of the plaintiff's husband, and the other is for such a sum as the jury, in its discretion, upon the trial, may see fit to award. Neither cause of action is in tort, but both arise out of the same contract, and in determining this question the com-plaint must be taken as true. Whether the plaintiff is entitled to the damages complained of by her, measured by the stigma and disgrace she has suffered by the neglect of the defendant in not ar-ranging to bury her husband in some suitable cemetery, is not necessary to determine here, because the defendant's demurrer rais-es the simple question that the cause of action cannot be united with the cause of action for the amount of insurance mentioned in the contract. If the cause of action lastly set out is in tort, the de-murrer would have to be sustained, because of the well-known rule of law that causes of action on contract and in tort cannot be united in the same complaint. Code, § 484; Goldberg v. Utley, 60 N. Y. 427; Wiles v. Suydam, 64 N. Y. 173. But because they are not separately stated and numbered does not render them demurrable. Townsend v. Coon, 7 Civ. Proc. R. 56; Henderson v. Jackson, 40 How. Prac. 168; Nichols v. Drew, 94 N. Y. 22. The only question here is, can these two causes of action be joined? We do not think the second cause of action is in tort. No wrongful act is alleged, except the failure of the defendant to carry out the provisions of the contract; and if a cause of action exists in favor of the plain-tiff, for such failure, it arises solely from a breach of contract of insurance. Causes of action may be united, arising on contract, where all of the parties are interested in the different causes of ac-tion joined. Code, § 484. And by the same section claims arising out of the same transactions, or connected with the same subject of action, may be united. The facts do not present a case where ac-tions on several contracts are sought to be united, but where two causes of action for damages arise from the breach of one contract. We think it falls strictly under the first subdivision of the section, which provides, "The plaintiff may unite in the same complaint two or more causes of action,   *   *   *   where they are brought to re-cover, first, upon a contract expressed or implied." We think the defendant's counsel is in error when he says the second cause of action is upon a tort. No tort is set out, as entitling her to dam-

ages. She alleges that she has sustained disgrace, and been stigmatized among her neighbors and friends, by reason of the failure of the defendant to carry out and fulfill his contract.

The demurrer must be overruled, with costs, with leave to the defendant to answer within 20 days, upon payment of costs. All concur.