## SUPREME COURT.

### Curran E. Sweet agt. David Ingerson.

Under § 167 of the Code, two causes of action may "arise out of the same transaction," but not at all be connected with " *the same subject of action.*"

For instance, a count in assumpsit on an alleged warranty of a horse, and a count for fraud and deceit in wrongfully concealing the defects of the same horse. These causes of action are inconsistent with each other.

The object of § 167 probably was, to allow the plaintiff to include in his complaint two or more causes of action, actually existing, arising out of the same transaction, and where a recovery might be had for both in the same action; and that the joinder must be of those causes of action which are consistent with, not those which are *contradictory* to each other.

It *seems*, that the tendency (properly so) of the decisions of the courts upon this section, has been to restrict, rather than to enlarge its operation.

*Oneida General Term, Jan.*, 1856.
Pratt, W. T. Allen and Bacon, *Justices.*

This was a demurrer to the complaint, on the ground that it improperly united two causes of action. The plaintiff, in one count of his complaint, claimed to recover for the breach of a contract of warranty on the sale of a horse, and in the second claimed damages for a fraudulent representation in regard to the quality and condition of the same horse. At the special term, judgment was given for the plaintiff on the demurrer, and from this judgment the defendant appealed.

Morgan, *for defendant.*
David, *for plaintiff.*

By the court—Bacon, Justice. It is somewhat difficult to determine the precise extent and boundaries of the first subdivision of § 167 of the Code, which provides for the joinder of causes of action " where they arise out of the same transaction, connected with the same subject of action."

In this case, the plaintiff, in his complaint, first counts in as-

sumpsit on an alleged warranty of the horse, which was the subject of the sale; and in the second count, for fraud and deceit in wrongfully concealing the defects of the same horse.

It may be true, that these causes of action arise out of the same transaction, to wit, the bargain for the purchase of the horse; but are they connected with *the same subject of action?*

The "subject of the action" is either the contract of warranty, or it is the fraudulent concealment of the defects complained of. These causes of action cannot consist with each other. They demand a totally different line of proof, a different judgment, and different process for enforcing a final recovery.

The plaintiff cannot recover in both, though he may have his election to bring either. I am inclined to think, therefore, that the object of the section was to allow the plaintiff to include in his complaint two or more causes of action actually existing, arising out of the same transaction, and where a recovery might be had for both in the same action; and that the joinder must be of those causes of action which are consistent with, not those which are *contradictory* to each other. This is in accordance with the decision in *Smith* agt. *Hallock*, (8 *How.* 73,) where it was held that a plaintiff could not join, in his complaint, a claim to recover possession of real estate, and damages for withholding the same, with a claim for damages for obstructing him in the use of it.

So, in *Hulce* agt. *Thompson*, (9 *How.* 113,) it is held that this section does not authorize the joining of a claim in ejectment for a house and yard, with a claim in trespass for cutting grass and destroying fences on the farm. And in *Colwell* agt. *New-York & Erie Railroad Co.*, (9 *How.* 312,) it is decided, that a claim for damages for taking and injuring cattle cannot be joined with a claim in an agreement to carry the cattle on the railroad.

These cases, although it may not be asserted, perhaps, that they are precisely in point, yet seem to me to settle the general principle, that contradictory causes of action cannot, even under the liberal provisions of § 167, be united, and indicate a pur-

NEW-YORK PRACTICE REPORTS 333

pose on the part of the courts to restrict, rather than enlarge the operation of that section.

I think this should be the construction of this section of the Code, and am of the opinion that the judgment should be reversed.