## SUPREME COURT.

### WILLIAM BREWER agt. HARVEY TEMPLE.

Where the plaintiff alleged in his complaint facts which would, if established upon the trial, have sustained an action for *assault and battery ;* and also alleged what was said by the defendant at the time, which would, if established upon the trial, have sustained an action of *slander*,

*Held*, on demurrer to the complaint, on the ground that two causes of action were improperly united, that the complaint purported to give the history of one occurrence, and no more. The whole together, of what was said and done, constituted but a single transaction, and made but a single cause of action [*This case would seem to come strictly within the provisions of the Code, requiring a statement of facts constituting a cause of action, without any name for the action. If a name was required, it might be difficult to find one appropriate; for an* ACTION ON THE CASE *would hardly suit facts constituting assault and battery, or allegations constituting slander.*—REPORTER.]

*Albany Special Term, March,* 1857.

DEMURRER to complaint.

The complaint alleges that on the first day of November, 1856, the defendant, with loud, boisterous and abusive language, made an assault upon the plaintiff, and seized him by the body, neck and throat, and jammed and squeezed his throat, and then and there *published and declared*, in the presence and hearing of divers good and worthy citizens, of and concerning the plaintiff, these words : " you perjured yourself, and I will send you to the states prison," and then and there pushed and jammed about the plaintiff ; whereby the plaintiff was greatly

Brewer agt. Temple.

injured in his person, character, feelings and circumstances, and the plaintiff, therefore, demanded judgment.

The defendant demurred to the complaint, on the ground that two causes of action, one for assault and battery, and the other for slander, were improperly united.

J. Percy, *for plaintiff*.
C. W. Mink, *for defendant*.

Harris, Justice. I think the demurrer is not well taken. The complaint in fact, contains but a single cause of action. The allegations relate to a single transaction. The complaint purports to give the history of one occurrence, and no more. This history embraces what was done and what was said upon the occasion. Each constitutes a part of the *res gestæ*. What is alleged to have been done, would, if established upon the trial, sustain an action for personal injury. What is alleged to have been said, would, if established upon the trial, sustain an action for injury to the reputation. The whole together, constituting as it does but a single transaction, makes but a single cause of action. The plaintiff brings his action upon the whole case, to recover damages for the compound injury he has sustained. The facts are no more divisible into two causes of action than they would be if the plaintiff had alleged that the defendant had spit in his face, and then knocked him down—or, having knocked him down, that he afterwards seized him, and tore his coat. However numerous the blows, or various the injuries, the whole constitute but a single cause of action. When it comes to trial, all that was said and all that was done, become the proper subject of investigation, and a single verdict adjusts the rights of the parties. The defendant, therefore, is not so badly off as his counsel supposes. The plaintiff has but a single cause of action against him. One trial will dispose of the whole matter. The demurrer must, therefore, be overruled, but with liberty to the defendant to answer the complaint within twenty days after payment of the costs of the demurrer to be taxed by the clerk of Albany.