# FERN *a.* VANDERBILT.

*Supreme Court, First District; Special Term, July,* 1861.

PLEADING.—DOUBLE STATEMENT OF THE CAUSE OF ACTION.*

A complaint founded upon a single cause of action must not state it in several different counts.

The proper remedy for a violation of this rule, is by motion to compel the plaintiff to elect which count shall stand, and to strike out the others.

A single act can give only a single cause of action, even when it is of such a nature that it may be treated either as a breach of contract or of a duty imposed by law.

Motion to require the plaintiff to elect which count of his complaint shall be stricken out, and that it be made more definite and certain, so as to show whether it is founded in contract or in tort.

---

* HIGGINS *a.* THOMAS (*City Court of Brooklyn; June,* 1861). This was an action for malicious prosecution. The complaint was taken almost literally from the form in Chitty's Pleadings (edit. of 1836), and contained two counts, one for malicious prosecution, and the other for false imprisonment.

The defendant moved to set aside the complaint as irregular and embarrassing, or for other relief, &c

*P. V. R. Stanton,* for the motion, cited the same cases as are cited in Fern *a.* Vanderbilt, and, also, Ford *a.* Mattice (14 *How. Pr.*, 91) ; Dickens *a.* N. Y. Central R. R. Co. (13 *Ib.*, 228) ; Churchill *a.* Churchill (9 *Ib.*, 552). He also urged that the excessive verbiage of the old forms was no longer allowable, inasmuch as it threw upon the defendant the responsibility of deciding what allegations were and what were not immaterial, and thus compelling him either to load the record with useless issues, or to run the risk of silently admitting some averment which a judge at circuit, in the haste of trial, might hold to be material. He asked that the plaintiff might be required to conform his pleading to the Book of Forms, reported by the commissioners of the Code.

*S. D. Morris,* opposed.

REYNOLDS, J., granted an order to strike out one of the counts. He held that double counts were not permissible under the Code. But he further held, that a pleading in the old form was not absolutely irregular ; that redundant matter was not a ground for setting aside a pleading, but must be reached by a motion to strike out the superfluous matter, *specifying* it in the notice of motion.

This motion was founded on a complaint which professed to state two distinct causes of action. The first count set forth a contract to carry the plaintiff to California, and a breach thereof; the second charged the defendant with a wilful breach of his duty, as a common carrier, in the same transaction, referring to the first count for the particulars of times and places. It was admitted that both counts were founded upon a single transaction.

*C. A. Rapallo*, for the motion, cited Dunning *a.* Thomas (11 *How. Pr.*, 281); Lackey *a.* Vanderbilt (10 *Ib.*, 161); Stockbridge Iron Co. *a.* Mellen (5 *Ib.*, 439); and Whittier *a.* Bates (2 *Abbotts' Pr.*, 477).

*P. Y. Cutler*, opposed.—I. This is a motion by the defendant to compel the plaintiff to inform him whether the first count of the complaint is in tort or in assumpsit, and to define and declare the rules of law applicable to it on the trial, and that he elect now which designation to apply to it—viz., whether tort or assumpsit. 1. The motion is novel. 2. It seeks to introduce a practice which would be very inconvenient.

II. To define this form of action has exercised the ingenuity of the ablest men at the bar, from Boson *a.* Sandford (1 *Shower*, 29, 1687), to Orange County Bank *a.* Brown (3 *Wend.*, 158); and finally, it has been determined that it partakes of the character, and enjoys somewhat of the advantages, of both forms of action. Hence it is called a case arising *ex delicto quasi ex contractu.* 1. The reason for this is plain. Considerations of public policy, and not agreements between the parties, have ascertained the duties and fixed the limits of the liability of common carriers, and for any omission or neglect of duty an action lies without stating any consideration or contract between the parties; for the negligence is the cause of action, and it is not necessary to state or rely upon an assumpsit. (Per SAVAGE, Ch. J., 3 *Wend.*, 161, 162.) 2. "The present usage," says Jeremy, in the Law of Carriers, p. 117, "sanctions the principles and adapts the advantages of both forms of action, by permitting the cases to be considered either way, as arising *ex contractu* or *ex delicto*, according as the neglect of duty or breach of mere express promise is meant to be relied upon, as the cause of

injury." This passage is quoted with favor by Judge Savage, in Orange County Bank a. Brown.

LEONARD, J.—The two counts in the complaint are for the same breach of contract or wrongful act. An inspection shows it. The nature of the action permits a complaint founded either on a breach of contract, or on a breach of duty. The distinction before the Code of Procedure would have been designated by the terms assumpsit and tort—sometimes *ex contractu*, *ex delicto*. The pleader might take his choice, but he could not unite both forms in the same declaration. Under the Code, the courts hold that there can be but one statement of the same cause of action in the complaint.

But assuming, as the learned counsel for the plaintiff insists, that each count states a different cause of action, can the complaint then be upheld?

It is provided by subdivision 1, § 167, of the Code, that several causes of action may be united, where they all arise out of the same transaction, or transactions connected with the same subject of action. There can be no claim to unite these two counts, unless it be by virtue of the subdivision of the section just referred to.

If these counts represent different causes of action, then, assuredly, the transactions are not the same, nor are they connected with the same subject of action. The complaint carries internal evidence of this truth.

The position so assumed is a "*felo de se.*" The only distinction in the effect of the former and the latter objection to the complaint is, that in the latter case the remedy would be by demurrer, while in the former it is by motion to compel the plaintiff to elect between his counts.

I think it quite clear that the subject of these two counts occurred in respect to the same voyage, by the same vessel and route, and for the same persons, and that the two counts are only different forms of stating the same thing.

The attempt in this pleading, if the plaintiff's counsel be correct, is similar in some respects to the case of Sweet a. Ingerson (12 *How. Pr.*, 331). With great respect to the learned court which decided that case, I think the proper remedy there should have been by motion.

The complaint there seems to present two statements of the same subject. As the parties conceded that the complaint presented two different causes of action, there could be no objection to deciding it on that assumption, and as there presented, on demurrer.

A good illustration of two causes of action, arising out of the same transaction, is shown in the case of Badger *a.* Benedict (4 *Abbotts' Pr.*, 176). The defendant there agreed to print a memoir for the plaintiff, who furnished the stereotype plates for printing the work. There was an alleged breach of the contract for printing, and an injury to the plaintiff's stereotype plates by the defendant. From the argument, the injury appears to have occurred while performing the work.

The circumstances, as stated in the complaint in this action, do not, in my opinion, permit the inference that there is more than one transaction stated.

The case of the Orange County Bank *a.* Brown (3 *Wend.*, 158), to which I have been referred, decides, that such an action as this may be brought in form *ex contractu* or *ex delicto*, and that the pleader may set out his single cause of action in as many different counts as he pleases; still, these counts must all conform in their nature, so as to be all *ex contractu*, or all *ex delicto*. If the plaintiff states the custom or duty, and also relies on an undertaking, the action is still in form *ex contractu*.

So much of the decision as sanctions numerous counts for the same cause of action, has been abrogated by the Code. The other principles are still substantially in force.

Applying the rule in that case to the present, the first count is *ex contractu;* the second is *ex delicto*.

I do not, however, perceive any thing in that case essential to the decision of the question here presented, whether the plaintiff shall be permitted to state the same cause of action, in different forms, in the same complaint.

The motion must be granted, so far as to require the plaintiff to elect which count of his complaint he will adopt as the correct statement of his action, and that the other be stricken out as redundant or irrelevant. The notice of motion is, in other respects, too indefinite for any action, nor do I think any is required. Ten dollars costs to the prevailing party may abide the event of the action.