---

## SUPREME COURT.

WILLIAM W. SPRINGSTEAD, appellant agt. PETER LAWSON, respondent.

Where, in an action for *falsely and fraudulently warranting* the soundness of a horse on a sale thereof, and for a *breach of warranty*, the plaintiff on the trial elected to go for the *fraud and deceit* alleged, *held*, on the close of the trial, after the testimony was all in, that the plaintiff could not then change his ground and ask the judge to charge the jury that if they found from the evidence a *breach of warranty only*, without proof of the fraud, the plaintiff was entitled to recover.

Where the judge charged the jury that if they found the horse, at the time of the sale, *had a mere cold controllable by ordinary remedies*, it was not such an unsoundness as to constitute a breach of a general warranty of soundness, *held*, that the charge was correct.

Where the plaintiff testified on direct examination, that the horse was worth but $125, when he bought him, and would have been worth $500, if he were as warranted, *held*, that the defendant had a right, on *cross-examination* of the plaintiff, to impeach such testimony, to prove by him that he sold the horse in less than three months after he bought him, for just what he paid—$400.

*Albany General Term, May,* 1862.

HOGEBOOM, PECKHAM and MILLER, *Justices.*

THIS is an appeal from a judgment entered on a verdict for the defendant, rendered at the Albany circuit, held by

Mr. Justice GOULD, in January, 1861, and a motion for a new trial on account of misconduct of several of the jurors. The complaint in the action was as follows : Plaintiff complains of the defendant for that, on or about the 29th of Oct. 1859, at the city of Albany, the said defendant then and there sold to said plaintiff, a certain young horse, for the sum of four hundred dollars, and then and there falsely and fraudulently warranted the said horse was then free from cold, and in every respect sound and all right, except the scratches on the hind leg ; and in consideration of the premises, and relying upon the representations and warranty aforesaid, the said plaintiff undertook, and promised to pay the defendant for said horse, the sum of four hundred dollars, and gave the defendant, plaintiff's note for the same. Plaintiff further avers, that said horse was, at the time of said sale and delivery, diseased, unsound, unhealthy, windbroken, and had the heaves, of all which facts the said defendant had notice and cognizance. By reason of which premises the said horse was worth three hundred and twenty-five dollars less than he would have been, if he had been in the condition defendant warranted and represented him to be ; and plaintiff, by occasion of said fraudulent representations, and fraudulent warranty and deceit, has sustained damages to the amount of three hundred and twenty-five dollars, for which amount plaintiff demands judgment against the defendant, with costs.

The answer was a general denial. The plaintiff's counsel, in opening the cause to the jury, claimed to recover on the ground of fraud and deceit, and that if the plaintiff should fail to prove the *scienter*, that he could recover upon proof of the warranty and breach ; whereupon the defendant's counsel insisted that the plaintiff, according to the pleadings, must show fraud or deceit on the part of the defendant. The plaintiff's counsel, after discussion, elected to try the cause on the ground of deceit and a fraudulent warranty.

The plaintiff purchased the horse the 29th of October, 1859, for the sum of $400, at the city of Albany, and sold him at the same place on the 12th of January, 1860, for the same sum, as was shown on the cross-examination of the plaintiff, under objection.

The plaintiff requested the court to charge the jury that, if they found that the defendant, at the time of the sale of the horse, warranted him sound in every respect, except the scratches, and they should find the horse was not then sound, with that exception, the plaintiff was entitled to a verdict for the breach of warranty merely, notwithstanding they should find the defendant did not know of the unsoundness at the time of the sale. The court refused so to charge the jury under the pleadings, and because of the basis on which the trial had been conducted under the plaintiff's opening; to which decision the plaintiff's counsel excepted.

The court, upon the defendant's request, among other things charged the jury that if they found the horse, at the time of the sale, had a mere cold, controllable by ordinary remedies, it was not such an unsoundness as to constitute a breach of a general warranty of soundness; to which charge and decision the plaintiff's counsel excepted.

SOLOMON F. HIGGINS, *for appellant*.

ISRAEL LAWTON and IRA SHAFER, *for respondent*.

By the court; PECKHAM, Justice. This is an appeal from a judgment entered on a verdict for the defendant, at a circuit in Albany. The case is heard on exceptions; and a motion for a new trial, on account of misconduct in the jury, comes on at the same time, by order of the special term where that motion was first made. The first ground relied upon in the exceptions is, that the court erred in refusing to charge that the plaintiff might recover in this case without proving fraud. The complaint in this case contains all the elements of two distinct, separate causes of

action—a breach of warranty, and also fraud in the sale of a horse. Though perhaps within the spirit of the Code, (that all actions arising out of the same transactions may be joined,) these causes might have been united, yet, that having long since been settled the other way, it is not advisable to review it. (*Sweet* agt. *Ingerson,* 12 *How.,* 331.) The plaintiff was then called upon to elect, and he plainly gave the court to understand that he elected to make this a complaint for deceit and fraud in the sale. After the proof had been closed, and the trial had proceeded throughout upon the basis of its being an action for fraud, it was quite too late to change position, and then claim it to be an action simply for breach of warranty. The court very properly held the plaintiff bound by his election.

The charge was also unobjectionable as to *a cold, controllable by ordinary remedies,* not being in this case such an unsoundness as to constitute a breach of warranty. I should have understood at the trial, that the judge intended by this charge to say, that if the horse had *a mere common cold, not affecting his general health or his use,* the plaintiff could not recover. If the charge was not so understood, the plaintiff should have asked for its modification, which he omitted to do. He can scarcely be allowed to take up a single, separate sentence capable of being differently understood, and except to it without presenting the modification he claimed. Understood as I think the court intended his proposition, there was no case made by the evidence for any verdict or damages.

The last point made to reverse the judgment is, that the court erroneously allowed the defendant to prove on the cross-examination of plaintiff, the price for which he sold the horse in the winter after the purchase by the plaintiff. This was entirely unobjectionable on cross-examination. The plaintiff, on direct examination, had sworn that the horse was worth but $125 when he bought him, and would have been worth $500, if he were as warranted.

There was no pretence of any change in the horse for the better, from the time of his purchase to the time of the sale by the plaintiff. It was, then, entirely proper to prove by a cross-examination of the plaintiff, any facts that impeached his evidence. This fact certainly had that tendency very strongly. It was therefore competent.

As to the motion on the ground of irregularities in the jury. Assuming that good cause is shown in the moving affidavits for the motion, they are very fully answered by the opposing papers.

The motion is denied, with ten dollars costs, and the judgment is affirmed.