## Donohue *v.* Dyer.

Trespass—Complaint.—The complaint avers that "the defendant, with force and arms, entered the plaintiff's dwelling-house, and then and there, with force and arms, assaulted, debauched, and carnally knew *Mary Jane Dyer*, then and there being the daughter and servant of said plaintiff, and her (the said *Mary Jane*) forcibly ravished, etc., against her consent," etc.

*Held*, that the gist of the action under the complaint is the trespass in unlawfully and forcibly entering the plaintiff's dwelling-house, and the allegations that defendant debauched and carnally knew plaintiff's daughter, are merely consequential, and in aggravation of damages. In such cases it is not necessary to allege or prove the loss of service.

Verdict—Interrogatory.—The third interrogatory to the jury was as follows: Were any seductive acts or promises used by defendant in order to induce the plaintiff's daughter to consent to a criminal connection with him, and if any, what were they? To which the jury returned this answer: "By getting the family out of the way, and getting his hands upon her person, and by so doing overcome her." It is objected that the evidence does not support the finding.

*Held,* that the judgment could not be reversed for that reason, because the complaint does not charge seduction, and the interrogatory and answer were irrelevant and immaterial.

APPEAL from the *Putnam* Common Pleas.

ELLIOTT, J.—*Dyer,* the appellee, sued *Donohue,* the appellant, in trespass. A demurrer to the complaint was overruled. Answer in denial. Trial by jury; finding and judgment for the plaintiff. Motion for a new trial overruled, and excepted to. The evidence is in the record by bill of exceptions. The defendant appeals.

Several errors are assigned. The cause was submitted before the recent revision of the rules of this court. The appellant's brief is short and meager, and presents but two points for our consideration, and we will only notice the points so presented.

It is claimed that the court erred in overruling the demurrer to the complaint. The complaint avers that " the defendant, with force and arms, entered the plaintiff's dwelling-house, and then and there, with force and arms, assaulted, debauched, and carnally knew one *Mary Jane Dyer,* then and there being the daughter and servant of the said plaintiff, and her (the said *Mary Jane Dyer*) did forcibly ravish and deflower against her consent, to the damage of the plaintiff," etc.

It is urged that the complaint is not sufficient to maintain the action, as there is no allegation of the loss of service, or any special damage to the plaintiff, shown.

The gist of the action under the complaint is the trespass in unlawfully and forcibly entering the plaintiff's dwelling-house; the allegations that he debauched, carnally knew, and ravished the plaintiff's daughter, are merely consequential, and in aggravation of damages. In such cases it is not necessary to allege or prove the loss of service. 2 Selwin's N. 292; 2 Chitty on Pl. 856, note *t*; 2 Saund. Pl. 783. The complaint is sufficient, and the demurrer was therefore correctly overruled.

The jury returned a general verdict for the plaintiff, and also found specially in answer to certain interrogatories. The third interrogatory is as follows: "Were any seductive arts or promises used by defendant in order to induce the plaintiff's daughter to consent to a criminal connection with him, and if any, what were they?" To which the jury returned this answer: "By getting the family out of the way, and getting his hands upon her person, and by so doing overcome her." It is insisted that the evidence did not justify this finding. We have examined the evidence, and think otherwise. But if it did not, we could not reverse the judgment for that cause. The complaint does not charge seduction, and the interrogatory and answer were, therefore, irrelevant and immaterial.

The judgment is affirmed, with costs.

*D. R. Eckles* and *S. C. Wilson*, for appellant.
*Delana E. Williamson* and *Addison Daggy*, for appellee.