Anderson *v*. Hill.

———— • • • ————

MARGARET ANDERSON *vs*. ABRAM HILL and MARGARET HILL.

That a complaint contains two distinct causes of action, which are not separately stated, is not a cause of demurrer specified in section 144 of the Code of Procedure. An error or defect of that kind is to be corrected by motion.

Where a cause of action sounding in tort is stated in the complaint, against a married woman, her husband is properly joined with her as a defendant in the action.

A complaint which states facts constituting a cause of action for an assault and battery, and also a cause of action for slander, both in the same count, and alleges that the plaintiff was greatly injured in her person and also in her character and feelings, and claims damages generally for a specified sum, is bad on demurrer.

The decision in *Brewer* v. *Temple* (15 *How. Pr.* 286,) overruled.

APPEAL by the defendants from an order made at a special term overruling a demurrer to the complaint.

The complaint alleged that the defendants Abram Hill and Margaret Hill are husband and wife; that they were be-

Anderson *v.* Hill.

fore the commencement of this action lawfully married, and have for several years past lived and cohabited together as husband and wife. That the said defendant, Margaret Hill, so being the wife of the said Abram Hill aforesaid, at the town of Wolcott, in the county of Wayne, on or about the 16th day of August, 1866, with loud, boisterous and abusive language, made an assault upon the said plaintiff, and then and there seized and laid hold of the plaintiff in an angry and violent manner, and with great force and violence pulled and dragged about the said plaintiff, and with a certain stick or club, and with her hands and fists, gave and struck the said plaintiff a great many violent blows and strokes on or about the face, head and divers parts of her body, and then and there, and at and during the time of the committing of the said assault and battery the said defendant, Margaret Hill, published and declared in the presence and hearing of divers good and worthy citizens, of and concerning the plaintiff, these false, scandalous and defamatory words : " You (the plaintiff meaning) are a thief; you have stolen, and will steal; you are a mean, dirty thief, and you have stolen things; you are a mean, dirty, thieving woman, and you steal every thing you can get your hands upon;" and then and there pushed and slammed about the plaintiff, and gave and struck the said plaintiff a great many violent blows, and severely beat and bruised the said plaintiff; whereby the plaintiff was greatly injured in her person, character, feelings and circumstances," and the said plaintiff therefore demanded judgment against the defendants for the sum of $2000, besides costs and disbursements.

The defendants demurred to the complaint upon the following grounds:

*First.* Said complaint contains two distinct and independent causes of action which are not separately stated.

*Second.* Said complaint contains two distinct and independent causes of action which are improperly joined,

to wit. a cause of action for assault and battery and a cause of action for slander.

*Third.* Said complaint does not state facts sufficient to constitute a cause of action against the defendant, Abram Hill.

The court overruled the demurrer, but with liberty to the defendants to answer on payment of costs.

*Wm. Roe,* for the appellants. I. The complaint contains two distinct causes of action : one for injury to the person, and another for injury to character, which are not separately stated. This is in violation of section 167 of the Code. It is also good ground for demurrer; (*Pike* v. *Van Wormer,* 5 *How. Pr.* 171. *Durkee* v. *Saratoga and Washington R. R. Co.,* 4 *id.* 226. *Getty* v. *Hudson River R. R. Co.* 8 *id.* 177. *Van Namee* v. *Peoble,* 9 *id.* 198. *Straus* v. *Parker, Id.* 342. *Moore* v. *Smith, et. al.* 10 *id.* 361. *Colwell* v. *N. Y. and Erie R. R. Co.* 9 *id.* 311. *Royce* v. *Brown,* 3 *id.* 391. *Fry* v. *Bennett,* 5 *Sandf.* 58.)

II. It is improper to join in the same complaint a cause of action for injury to person, and a cause of action for injury to character, and such misjoinder is ground for demurrer. (*Code,* §§ 144, 167.) It is claimed by the respondent that the causes of action in question arise out of the same transaction, and therefore may be joined in the same complaint. But in answer to that position it is urged, 1st. That an assault and battery is one transaction, and the use of slanderous language is another transaction, each having its distinct and peculiar features ; and though it may be stated in the complaint that the two injuries occurred at the same point of time, yet this is rather a fiction of pleading, than a statement of facts which actually took place. Within an hour the defendant might have entered the plaintiff's house and forcibly ejected her, injured her furniture, and also assaulted her and slandered her, and, perhaps, during the same period, made sundry contracts with her ; but it is submitted that it was not the intention

Anderson *v.* Hill.

of the law-makers to allow claims for damages arising out of all these matters to be blended in the same complaint, as arising out of the same transaction. The word trans-action means something done, and each thing done, if possessed of distinct and peculiar attributes, is to be regarded as a separate transaction. It means in the law a contract. (2 *Bouv. Law Dic.* 595.) 2. It is submitted that if the two causes of action in question can be regarded as in any sense arising out of the same transaction, yet, they being distinct and inconsistent in their nature, they cannot be joined for that reason. Vansantvoord, in his work on pleadings, vol. 2, page 189, in speaking of the first clause of section 167 of the Code, uses this language : " They seem to establish the proposition that the subdivision under discussion, was designed to apply, generally, to that class of cases heretofore denominated equitable ; and to allow such a claim to be joined with a legal claim, when both grow out of the same transaction. It will be evident on a moment's reflection that it can have but a limited application to common law cases." That this is the true intent and meaning of the first clause of section 167 of the Code, appears from the case of *Smith* v. *Hallock*, (8 How. 73,) and *Hulce* v. *Thompson*, (9 *id*. 113.) And it is believed that there is no reported case which sustains the position of the plaintiff in this action, except the special term decision of *Brewer* v. *Temple*, (15 id. 286.) And that case seems to be in direct conflict with the general term decisions of *Sweet* v. *Ingerson*, (12 *id*. 331,) *Springsteed* v. *Lawson*, (23 *id*. 303,) and *Hotchkiss* v. *Auburn and Rochester R. R. Co.* (36 *Barb*. 600.) Again, in this same case, when it was before the court at special term, a demurrer to the plaintiff's complaint was sustained—the complaint being the same as now, except that it then embraced two counts instead of one. The complaint, as it now stands, violates two provisions of section 167 of the Code, instead

of one: 1st. In improperly joining two causes of action, and 2d, in not separately stating them. It is submitted, therefore, that if the former complaint was bad, and the demurrer thereto properly sustained, sound reason requires that the demurrer to the complaint as it now stands, should be sustained also.

III. Within the spirit and intent of the act of 1862, with reference to married women, it is no longer proper to join the husband with the wife as party defendant for tort committed by the wife.

*Jacob B. Decker*, for the respondent. I. The defendants claim that there is an improper joinder of causes of action. The complaint, it is claimed, contains two counts, 1st. A count or cause of action for assault and battery. 2d. A count or cause of action for slanderous words spoken, of and concerning the plaintiff, by the defendant Margaret Hill.

II. These different counts or causes of action are properly joined; they come directly within the letter of the Code. (*See Code, Voor. 8th ed. p.* 332; *Code,* § 167, *subd.* 3 *and* 4; 15 *How.* 286.)

III. They are both causes of action in the nature of tort or wrong, the damages of each are left to the sound discretion or judgment of the jury, and they both call for the same kind of an execution. It is no doubt true that a party may bring separate causes of action if he chooses; he has the right to elect. The courts have decided that many and different causes of action, of a kindred character to those in question, may be joined—such as malicious prosecution and slander, (*Watson* v. *Howard,* 3 *Code Rep.* 218,) libel, slander and malicious prosecution. (*Martin* v. *Mattison,* 8 *Abb.* 3.) Executions for damages arising from either count would issue against the body if no property could be found.

IV. The defendants claim also that there is an improper

Anderson *v.* Hill.

joinder of parties. The assault was committed by a married woman ; the slanderous words were also spoken by a married woman. Each count is in the nature of a tort. The rule I suppose to be well settled, that in all actions for torts committed by the wife, at least in the absence of the husband, the husband and wife must be joined. (*Matthews* v. *Fiestel*, 2 *E. D. Smith*, 90. *Malone* v. *Stilwell*, 15 *Abb.* 425.)

V. The argument thus far has been upon the theory that there were two distinct counts and causes of action alleged in the complaint. But this is not the case; there is but one count and one cause of action. The words alleged as slanderous, of which the counsel complains, were spoken at the very time the blows were given, and were simply a part and parcel of the conversation that transpired at the time the assault and battery was committed. This would be allowed to be proven as a part of the *res gestæ*, if they were not alleged, and we say that it is proper to allege it by way of aggravation of damages. (15 *How. Pr.* 286.) The complaint as amended was drawn after this case and is in its very language.

VI. If the slanderous words of which the counsel complains are improperly placed in the complaint, the remedy is by motion to strike them out as irrelevant, &c. It is no cause of demurrer.

*By the Court*, JOHNSON, J The first and third grounds of demurrer are not well taken. In regard to the first, that the complaint contains two distinct causes of action, which are not separately stated, it is not a cause of demurrer specified in section 144 of the Code, and the weight of authority most decidedly is that an error or defect of that kind is to be corrected by motion, and is not demurrable. As to the third ground, a cause of action sounding in tort is stated in the complaint against the defendant Margaret

and her husband: the other defendant is properly joined in such a case. (*Code*, § 114.)

The second ground, that two distinct and independent causes of action are improperly joined, must be held also to be not well taken if the decision in *Brewer* v. *Temple*, (15 *How. Pr.* 286,) is good law. That is a special term decision, and with all respect for the learned justice by whom it was pronounced, I think it is not sound law.

The complaint here, as in that case, states facts constituting a clear cause of action for an assult and battery, and also a clear cause of action for verbal slander, both in a single count, and alleges that the plaintiff was greatly injured in her person, and also in her character and feelings, and claims damages generally, for the sum of $2000. This relief is demanded for the combined injuries, and not for each injury separately. The causes of action are not separately stated, as required by the Code, and every other tolerable system or idea of pleading, but both are intermingled and woven together in a single fabric of manual and vocal tort. Causes of action for words and blows thrown into "hotchpot" and counted upon in that condition. Nothing is claimed as damages for the injury arising from the battery, as such, and nothing for the injury arising from the slander. Neither cause is claimed to have injured separately, but the injury and consequent damages spring from the union of the two wrongs. Should a verdict be rendered in the plaintiff's favor, it must necessarily be a single verdict, and it would not appear and no one could ascertain, not even the parties themselves, how much the plaintiff had been injured in person, or how much in character, nor what measure of compensation had been awarded for either injury. Surely justice ought not to be so administered, unless the statute imperatively requires it.

The Code (§ 167) prescribes what causes of action may

be united in the same complaint, and classifies the causes. It provides that different causes of action may be so united "where they all arise out of, 1. The same transaction or transactions connected with the same subject of action. 3. Injuries with or without force to person and property; or, 4. Injuries to character," and proceeds, making seven separate and distinct classes by numbers. It then concludes: "But the causes of action so united must all belong to one of these classes, and must be separately stated." One of the causes of action in this complaint belongs to class 3, and the other to class 4. Hence there is an union of causes of action in violation of the express terms of the section. It is claimed, however, by the plaintiff's counsel, that the assault and battery, and the slander arose out of the same transaction, inasmuch as both causes originated or occurred, at the same period of time, and therefore both belong to the first class. This is what is held in *Brewer* v. *Temple, (supra.)* But it by no means follows that because the two causes of action originated, or happened, at the same time, each cause arose out of the same transaction. It is certainly neither physically nor morally impossible that there should be two transactions occurring simultaneously, each differing from the other, in essential attitudes and qualities. As, here, the transaction out of which the cause of action for the assault springs, is the beating, the physical force used; while the transaction out of which the cause of action for slander springs, is not the beating, or the force used, but defamatory words uttered. The maker of a promissory note might, at the very instant of its delivery and inception, falsely call the payee a thief; and yet who would say that the two causes of action arose out of the same transaction. It has been held that a contract of warranty and a fraud practiced in the sale of a horse, at the same trade, did not arise out of the same transaction, so as to be connected each with the same sub-

ject of action, and that a complaint containing both causes of action was demurrable. (*Sweet* v. *Ingerson*, 12 *How. Pr.* 331.) This was a general term decision, and of course as authority, has greater weight than that of *Brewer* v. *Temple.* Assault and battery and slander are as separate and distinct causes of action as any two actions which can be named. True they are both torts, but they do not belong to the same category or class, either at common law or by the Code. Indeed the Code, in express terms, enumerates and classifies them separately. The subjects of the two actions are not connected with each other. Each subject of action is as distinct and different from the other as the character of an individual is from his bodily structure. The question is not whether both causes of action sprung into existence at the same moment of time. Time has very little to do in solving the real question. The question is, did each cause of action accrue or arise out of the same transaction, the same thing done? It is apparent that each cause of action arose, and indeed must necessarily have arisen out of the doing of quite different things, by the defendant. Different in their nature, and all their qualities and characteristics, and inflicting injuries altogether different and dissimilar. The same evidence would not sustain either cause of action, and they may require different answers. The same answer might not be appropriate to both. The most skilfull pleader, whose learning and experience dates back to the era before the Code, would, as it seems to me, find himself sadly at fault as to the proper answer to be made to such a complaint, unless he should find a general denial all that was necessary for a proper defense to both causes of action. But this goes upon the score of convenience merely, and is of no moment if the Code authorizes the joinder. But I am clearly of the opinion that it does not, and that the demurrer should have been sustained upon the second ground. The

order overruling the demurrer must therefore be reversed and the demurrer sustained, with leave to the plaintiff to amend his complaint by stating one cause of action, upon payment of costs of the demurrer.

[MONROE GENERAL TERM, March 1, 1869. *E. D. Smith, Johnson* and *J. C. Smith,* Justices.]