[*General Term,* October, 1872.]

## P. W. STRADER AND COMPANY *v.* THE MARIETTA AND CINCIN-NATI RAILROAD COMPANY.

If it appears, from a bill of exceptions, that an exception to a charge of the court to a jury was properly taken at the time, and that such bill of exceptions was properly signed and sealed at the trial term, and if the judgment entry in the cause purports to have been entered at such term, and states the allowance of the bill of exceptions, a separate entry, which states that it (such last entry), was not made until during a subsequent term of the court; and is entered *nunc pro tunc*, as of the trial term, reciting the history of the bill of exceptions and the judgment entry, and showing that they were in fact made up during such subsequent term, to the signing of which bill the opposite party objected, he not having consented to the continuance:

*Held,* that such *nunc pro tunc* entry can not invalidate the bill of exceptions. To have such effect, it should have been incorporated in the bill or in the entry stating the taking thereof.

If a charge in writing, at the request of the parties, be given by the court to the jury, "*to all of which charge*" one party excepts, and he be not asked by the opposite party or the court to point out more specifically his exceptions, or the nature thereof, and such charge of the court be erroneous or calculated to mislead the jury upon a controlling question in the cause, the reviewing court, upon error, will regard such exception as sufficient, and reverse the judgment of the lower court, adverse to the party excepting.

If, in an action for injury to the plaintiff's property, caused by the ordinary negligence of the defendant, it be claimed in defense that the plaintiff's own ordinary negligence contributed to the injury, and the court charge the jury correctly as to the standard of care required from each party, and the degree of negligence rendering them legally responsible, it yet further instructs: "Then you will next inquire whether the plaintiff was guilty of *any negligence whatever*, contributing to the injury. If you find that he was, then you will find a verdict for the defendant." Such charge is erroneous, and calculated to mislead the jury upon a controlling question in the case, as it virtually requires extreme care on the part of the plaintiff. The rule in such cases is, that any contributory negligence on a plaintiff's part, however slight, arising from a failure to exercise ordinary care, under all the circumstances, will bar his recovery.

*King, Thompson & Longworth,* for plaintiffs.

*Hoadly & Johnson,* for defendant.

YAPLE, J.    This is a petition in error prosecuted to reverse a judgment rendered at Special Term in favor of the defendant.

The action was brought against the railroad company by Strader & Co. to recover the value of an omnibus destroyed and horses drawing it, that were killed by the cars running upon and over them while they were lawfully traveling upon the railroad track where the highway crosses the railroad.

The judgment is sought to be reversed upon two grounds:

*First.* Because the verdict is against the evidence.

*Second.* Because the court erred in its charge to the jury, such charge having been calculated to mislead.

The bill of exceptions purports to contain all the evidence adduced upon the trial, and also all the charges given by the court to the jury.   It states that the trial was had upon the 16th, 17th, 19th, and 20th days of February, 1872, and purports to have been signed at the February term, 1872, the last day of which term was Saturday, March 2, 1872, as the statute fixes a term of the Superior Court of Cincinnati, for the first Monday of every month in the year, except July, August, and September.

The bill of exceptions concludes: "And thereupon the court, at the request of the said counsel, did sign and seal this bill of exceptions *pursuant to the statute in such case made and provided,*" etc.    The bill is marked as having been filed on March 2, 1872, on the last day of the February term, the clerk witnessing the filing by his signature as clerk. In the entry of the judgment, which appears as of the same term, the fact of the taking of the bill of exceptions is duly stated.   Then, upon the journal for the February term, is another distinct entry, not carried into the bill of exceptions or made part of the judgment entry, stating that the motion

for a new trial was not heard until the last day of the term that, on inquiry of the plaintiff's counsel, the court, in the absence of the defendant's attorney and without his consent, stated that the minutes of the term would not be closed for some days, and took the motion for a new trial under advisement; that during the March term the court overruled the motion for a new trial, and then signed and sealed the bill of exceptions; and that, by the allowance of the court, the entry overruling the motion and stating the allowance of the bill of exceptions, as of the February term, was then made, to which the defendant objected, but that the court overruled the objection, the defendant excepting. Upon this state of the record, the defendant now insists that so much of the bill of exceptions as relates to alleged error in the charge of the court to the jury must be disregarded by this court, because it is not legally part of the record, the bill of exceptions as to such alleged ground of error not having been signed and sealed during the February term; but it is conceded that the objection as to the verdict being against the evidence was properly taken by bill of exceptions at the term at which the motion for new trial was overruled.

And it is further urged by the defendant, that no sufficient objection was made to the charge of the court, at the trial, by the plaintiffs, to authorize the court now to inquire whether it was calculated to mislead the jury or not, the objection having been made generally to the entire charge. The exception taken to the charge was in writing, and in these words: " To all of which charge plaintiffs then and there excepted."

The objections made to considering that part of the bill of exceptions relating to the charge of the court will be first considered.

The code, section 291, provides, " The party objecting to the decision must except at the time the decision is made, and time may be given to reduce the exception to writing, but not beyond the term." Also, section 297, subdivision

8, provides that a verdict may be set aside and a new trial granted for "error of law occurring at the trial, and excepted to by the party making the application."

These provisions of our code have received a construction by the Supreme Court. In the case of *Kline & Berry* v. *Wynne, Haynes & Co.*, 10 Ohio St. 223 (A. D. 1859), the court hold that upon the overruling of a motion for a new trial, continued from a previous term, founded upon alleged misdirection of the court to the jury, no proceeding in error can be maintained, unless objection was made to the direction at the time of the trial, and incorporated in a bill of exceptions during the trial term. This case overrules *Coleman* v. *Edwards*, 5 Ohio St. 51, and is in accordance with *Hicks* v. *Person*, 19 Ohio, 426, 437, which last two cases were decided upon our practice act in force prior to the code. This prevents us from considering the question *de novo*, however inconvenient in practice we may think the rule to be. It is obviated here and throughout the State, generally, by parties and judges consenting to the preparation and signing of bills of exceptions after the proper term, but making them and the record show that they were taken during such term. Though there is no power to do this, yet when it is done, the record can not be disputed or impeached in a proceeding in error founded upon it. In the Superior Court of Cincinnati, in jury trials, the difficulty can be obviated by the court making an order carrying the case to the next term as a trial begun and not concluded. 1 S. & C. 391, sec. 1.

But if the record and bill of exceptions show that it was properly taken at the time, and signed and sealed during the term, no question can be raised in a proceeding in error founded upon it, that it was not so taken, signed and sealed. *Irvine* v. *Brown*, 6 Ohio St. 12.

Now, the bill of exceptions in this case, and the judgment entry showing the overruling of the motion for a new trial, and the signing and sealing of the bill, purport to have been taken and made at the proper term. They are

not strengthened by the file mark of the clerk upon the bill of exceptions, for that is his mere ministerial act. It is the court's finding that the bill was taken at the February term that is conclusive.

But this conclusive presumption is sought to be impeached by another separate entry, which expressly states that such last entry was gotten up at the March term, and entered as of the previous term, and which recites the history of the taking of the bill of exceptions and the first entry referring to it, from which it is claimed the bill of exceptions is void to the extent claimed—that is, so far as any objection to the charge of the court is concerned. Had this entry been made part of the bill of exceptions, or of the journal entry stating its allowance, the bill would then have shown how and when it was taken, and would have been worthless to the extent complained of. But we hold that a bill of exceptions purporting to have been taken at one term of court can not be impeached by an entry gotten up and approved by the court at another, or subsequent term, assuming to give a history of the bill different from what it purports to bear upon its face, and different from what the judgment entry says of it, and by entering such order *nunc pro tunc*, as of the term at which the bill of exceptions purports to have been taken. This bill is, by its terms, made part of the record, and is to be judged a bill or no bill of exceptions by what is contained in it. The *nunc pro tunc* order, giving its history, can not invalidate it, for there is another entry of the February term stating the taking of it in due form. The party should have had the facts stated in his entry incorporated in the bill itself, so that they would have become part of it, or he should have included it in the judgment entry referring to the bill of exceptions. See *Busby* v. *Finn*, 1 Ohio St. 409.

It is next objected that, if the court be bound to consider the bill of exceptions as taken in time, the charge of the court can not be reviewed, because the exceptions

thereto were not taken in the proper manner—the exception being to the *whole charge*, which consists of several propositions, some of which are correct. Also, that if it be claimed any portion or portions of the charge were calculated to mislead the jury, such claim must now be disregarded, because the counsel excepting did not advise the court of such objectionable parts of the charge, or put the matter in such language as he deemed proper, and ask the court to charge accordingly.

Neither of these points of practice has been directly passed upon by our Supreme Court in any decision cited to us, or that we have been able to find in the Ohio Reports.

It is well settled in the federal courts that an exception to an entire charge will not be regarded by the court reviewing the case upon writ of error. This probably became the practice in those courts, for the reason that the Supreme Court of the United States generally reviews the decisions of circuit courts upon points only—never the entire case; and, hence, will not even allow an entire charge to be broken up or separated into points, so as to allow of the consideration of the entire charge; or if the entire charge be excepted to as one proposition, it will be sustained if any part of it be correct.

A somewhat similar practice prevails in New York; and it is there held, that, to an ambiguous charge, the exception must present the modification which will free it from ambiguity. *Springstead* v. *Lawson,* 23 How. Pr. 312; S. C., 14 Abb. Pr. 328.

A similar rule of practice is settled in California, and in some other States.

In Ohio, charges of the court calculated to mislead the jury have always led courts to reverse judgments upon a mere exception to the charge. *Washington, etc., Insurance Co.* v. *Merchants, etc., Insurance Co.,* 5 Ohio St. 450; *Nye, Benner & Co.* v. *Denny,* 18 Ohio St. 254 (bottom); *L. M. R. R. Co.* v. *Wetmore,* 19 Ohio St. 111. In the last

case, only a general exception to the charge was taken, though the charge embraced several propositions, yet, the judgment below was reversed. Many similar cases might be cited, in which such exceptions have been acted upon by the court as valid, and in no case has their sufficiency been objected to or questioned. And see *Mowry* v. *Kirk* et al., 19 O. S. 383.

In the case of *Moody* v. *Thomas*, 1 Disney, 292, decided by this court, a general exception was taken to the charge, and the court requested the counsel excepting, to point out the part or parts of the charge he objected to before the jury retired, which was not done, and this court would not, under the particular circumstances of that case, notice the exception.

In the case of the *Butchers,' etc., Association* v. *Commercial Bank*, 2 Disney, 46, decided by this court in 1858, GHOLSON, J., delivering the opinion, it was held that, " a general exception to the charge of the court will not be entertained on error." This decision was made more than ten years before the last two cases, above cited, from the Ohio Reports. In 1868, section 266 of the code was amended, not only requiring the court, if requested, to reduce its charge to writing, but providing that it shall be sent with the jury in their retirement, and also remain on file with the papers in the case. If excepted to then, when read, if the opposite counsel do not ask the court to require that the matters objected to, be pointed out, and if the court fail to require it, it would not be just to the party excepting to require such particularity, when he could no longer state his objections on the record. Though the better practice, undoubtedly, is to make exceptions specific, if, when they be taken, the court require such definiteness, and the party excepting will not indicate his particular objections, he may well be estopped from insisting upon his general exceptions, in the reviewing court.

We are thus brought to consider the charge of the court given to the jury at the trial of this cause. It was given in writing, upon request of the parties.

The plaintiff's horses and omnibus were driven, before daylight, along the Harrison turnpike, which crosses the Marietta and Cincinnati railroad, at which crossing an omnibus could not be seen from a train running to Cincinnati in time to prevent its being run over, even if not going faster than four or five miles an hour. The crossing was dangerous, and a flagman was stationed there to signal trains. At the request of plaintiff, the court charged the jury specially, that there was no law requiring plaintiff's driver to stop any length of time before he undertook to cross the track; but that, whether ordinary prudence required him to do so or not, was a question for the jury to determine under all the circumstances of the case; also, that in crossing, the plaintiff was not required to exercise extraordinary care or vigilance, but simply such as persons of common prudence ordinarily exercise, and also other special charges. The court then gave to the jury a general charge, saying, " that frequently these special charges, while they answer their purpose of enabling a reviewing court to say whether the judge has laid the case properly before the jury, fail to leave the jury with that clear idea of the principles of law applicable to the case before them, and which are essential to a proper discharge of their duties." The jury were then told that the *standard* of the case required to be observed by both parties was *ordinary* care, which standard never varied, but that the *amount* of care required, varies with the circumstances of each particular case. Ordinary care was then properly defined to the jury in general terms; and the court further said: " If you find that the defendant did exercise such ordinary care, then, in any case your verdict must be for it; if you find it did not, then if you find that the plaintiff, or his agent, the driver, did not exercise such care either, and that his negligence, *however slight*, occurred at the same time that the injury happened and contributed to it, then your verdict must still be for the defendant, for the law does not attempt to weigh degrees of negligence in such cases; the plaintiff must not have

contributed to the injury, or he can not recover." And finally, after charging upon other and less vital matters of law, at the summing up and in conclusion, the jury are told: "If you find, however, that the defendant was guilty of negligence, then you will next inquire whether the plaintiff or the driver was guilty of *any negligence whatever* contributing to the injury; if you find that he was, then you will find a verdict for the defendant." Now this portion of the charge went to the very essence of the case, and a general exception to the charge would naturally be referred to it rather than to some subordinate or collateral proposition, and ought, therefore, to be specific enough.

This charge, we consider not only calculated to mislead the jury, but as radically erroneous. Suppose the jury were of opinion that extreme care and prudence would have required the driver to get down from the omnibus and go upon the track to look for an approaching train before attempting to cross, and that, by not doing so, he was guilty of some neglect, however slight, but which slight neglect contributed to the injury, they would, under this charge, have reasonably felt themselves bound to render a verdict for the defendant, though satisfied that it was guilty of ordinary neglect, of a failure to exercise ordinary care in the premises. They would naturally suppose from the charge, that any neglect, however slight, and which contributed to the injury, was a failure, on the part of the plaintiffs, to exercise ordinary, or legal care, or it virtually held the plaintiffs to the exercise of extreme care after saying they were only bound to ordinary care, and after requiring no more than ordinary care of the defendant. If the defendant's cars had been injured, and it had sued the plaintiffs, and they had charged it with contributory negligence, would it have been held correct to state to the jury, that if the railroad company had been guilty of any neglect whatever, however slight, which neglect contributed to its injury, it would not be entitled to recover, no matter how careless the plaintiff's act was? This would be to hold a

railroad company to the exercise of the same degree of care as the law requires from it in the carriage of passengers, for injuries to whom it is liable, if caused by the slightest neglect on its part. If the jury had been told that any contributory negligence, on the plaintiff's part, however slight, arising from a failure to exercise ordinary care, under all the circumstances, would bar a recovery, the charge would have been correct. A plaintiff's right of recovery can not be defeated in such case, unless he has been in *fault*, and he can not be in any degree in fault if he has exercised ordinary care. If the degree of neglect be less than ordinary neglect, it creates no legal fault.

" The plaintiff's right to recover is not affected by his having contributed to his injury, unless he was in *fault* in so doing." Sherm. & Red. Neg. 27, sec. 28. " Where the negligence of the plaintiff is relied on to defeat his recovery, he must have been guilty of at least *ordinary* negligence. His failure to take *great* care is no defense to the action." Id. 29, sec. 29, and note 3, where many cases are referred to.

" But the negligence or misconduct, on the part of the plaintiff, disentitling him to an action for compensation, must be such as *he* is *legally responsible* for, and such as *the law* recognizes as a co-operative cause of the injury." Add. on Torts, 19. " It appears that the proper question for the jury, in all cases of this kind, is, whether the damage was occasioned entirely by the negligence or improper conduct of the defendant, or whether the plaintiff himself so far contributed to the misfortune by his own negligence or want of ordinary and common care and caution, that but for *such* negligence or want of ordinary care and caution on his part, the misfortune would not have happened ?" Saund. Neg. 61, 62; *Tuff* v. *Warman*, 2 Com. B. N. S. 740 ; 27 L. J. C. P. 322 (Ex. Ch.) See *Ferry* v. *Cleveland, Columbus and Cincinnati Railroad Company*, 8 Ohio St. 570, for a good definition of ordinary care. One cause of confusion, on this subject, seems to be that many judges and author-

ities, in speaking of contributory negligence, in such cases designate nothing as negligence that is less in degree than ordinary negligence, though there be negligence (slight negligence) in fact. The language should be "culpable negligence," that is, negligence greater in any degree, however slight, than ordinary negligence, contributing to the plaintiff's injury. This a jury, familiar with the degree of care men ordinarily exercise under all the circumstances, and in view of the nature of a given transaction, would understand, and not give weight to mere slight neglect. In this class of cases, defendants are not liable, though they may have been negligent, to some extent, if their negligence be not greater than ordinarily attends the conduct of affairs similar to those in question. Had the charge been correct, we would not disturb the verdict on the alleged ground of its being against the weight of the evidence; for the evidence is conflicting, the plaintiffs making out, on their part, a good case, and the defendants a good defense, on theirs. It, therefore, becomes important that each party should have the benefit of correct rules of law by which his evidence is to be considered.

The judgment is reversed.