DE WOLFE v. ABRAHAM et al.

(Supreme Court, Appellate Division, Second Department.  June 23, 1896.)

PLEADING—COMPLAINT—JOINING CAUSES OF ACTION.

In an action for slander in charging plaintiff with theft, plaintiff may allege, in the complaint, that at the time of uttering the slander defendants illegally deprived her of her liberty. Anderson v. Hill, 53 Barb. 238, disapproved.

Appeal from special term.

Action by Florence Angell De Wolfe against Abraham Abraham and others for slander. From an order denying a motion for leave to serve an amended complaint, plaintiff appeals. Reversed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

John C. Coleman, for appellant.
Paul E. De Fere, for respondents.

CULLEN, J. This action was brought to recover damages for slander alleged to have been uttered by defendants' agents and employés, charging the plaintiff with theft. After the cause had been at issue the plaintiff moved for leave to amend her complaint by alleging that at the time of uttering the slander the defendants, by their agents, without probable cause, maliciously and illegally detained the plaintiff, and deprived her of her liberty. The application was resisted on the ground that under section 484 of the Code a cause of action for slander, and one for false imprisonment, cannot be united. To sustain this proposition the respondents rely on the authority of Anderson v. Hill, 53 Barb. 238. In that case the complaint alleged, in a single count, that the defendant assaulted the plaintiff, beating her, and at the same time saying of her: "You are a thief. You have stolen, and will steal." It was held that the complaint stated two separate causes of action,—one for assault, and another for slander,—and that these two causes of action could not be united. The case therefore sustains the respondents' position. We think, however, that the case was erroneously decided, and certainly in opposition to several previously decided cases. Watson v. Hazard, 3 Code R. 218; Brewer v. Temple, 15 How. Prac. 286; Martin v. Mattison, 8 Abb. Prac. 3. The argument of the opinion is that slander and assault do not originate from the same transaction, even when they occur at the same time. It is said:

"The maker of a promissory note might, at the very instant of its delivery and inception, falsely call the payee a thief; and yet who would say that the two causes of action arose out of the same transaction?"

We think this is a false analogy. The two acts supposed are entirely different in their character, and spring from different motives. One is a contract; the other, a tort. Injury, at the same time, to the person by physical violence, and to the character by language, may well be regarded as parts of a single tort. This certainly was the rule of pleading at common law. In Bracegirdle v. Orford, 2

Maule & S. 77, the action was in trespass, for entering plaintiff's dwelling upon the unfounded assertion that she had there stolen goods. In arrest of judgment it was urged that trespass and slander were combined, and that if this could be done it would be enlarging the time limited for bringing actions of slander. The objection was overruled, Lord Ellenborough saying:

"The trespass is the substantive allegation, and the rest is laid as matter of aggravation only. * * * In an action for false imprisonment the jury look to all the circumstances attending the imprisonment,—not merely to the time for which the party was imprisoned,—and give damages accordingly."

In Flinn v. Anders, 9 Ired. 328, it was held that two counts—one for trespass upon the plaintiff's close, the second for an assault on the plaintiff's person—were well joined. In Donohue v. Dyer, 23 Ind. 521, the complaint alleged a trespass on the plaintiff's dwelling house, and that the defendant then and there assaulted and debauched the plaintiff's daughter. It was held that a demurrer to the complaint was properly overruled, the debauching the plaintiff's daughter being simply an aggravation of the trespass. The common way of pleading was to allege the second cause of action as an aggravation of the first. 1 Wat. Tresp. 205. But matters in aggravation of the principal injury must be alleged. 2 Wat. Tresp. 460. Were the action for malicious prosecution, the plaintiff, if successful, would be entitled to compensation, not only for the imprisonment, but also for the injury to her character by the false charge. We cannot see why she should not recover her full damages in a single action simply because the arrest, instead of being only without probable cause, is absolutely illegal. Certainly in an action for assault a plaintiff could prove all the language used by the defendant, either of him or to him, that did not amount to a slander. He might not be allowed to prove a slander, when not pleaded, because the defendant would still be subject to another action, though it might be difficult to restrict the plaintiff from proving all the circumstances attending the assault. But this seems a very good reason why the causes of action should be joined. It was well said in Howe v. Peckham, 10 Barb. 656:

"This section, instead of severing causes of action as they existed at the time of the passage of the statute, and thereby creating a multiplicity of suits, was, I have no doubt, intended by the framers thereof to lessen suits, and diminish their probability."

In that case it was held that an injury to the person and an injury to property, from the same act, could be joined in the one action. The court was of opinion that it was a single cause of action. In this it may have erred. In Brunsden v. Humphrey, 14 Q. B. Div. 141, it was held that a recovery for damages for injury to the person did not bar an action for injuries to the property from the same tort. It was conceded, however, by all the judges, that a single action might have been brought for both injuries. We think it would be too narrow a construction of this section of the Code to interpret it as severing into distinct causes of action that which might have been brought as a single cause of action under the old system of pleading.

The order appealed from should be reversed, and the plaintiff granted leave to serve an amended complaint upon payment of the costs of the action, exclusive of the costs of appeal. All concur, except PRATT, J., not voting.