. (117 App. Div. 151)

## PAUL v. FORD et al.

(Supreme Court, Appellate Division, First Department. January 25, 1907)

1. PLEADING—DECLARATION—SEPARATE CAUSES OF ACTION—SEPARATE STATEMENT AND NUMBERING.

Code Civ. Proc. § 484, provides that the plaintiff may unite in the same complaint two or more causes of action, where they are brought to recover (2) for personal injuries, except libel, slander, criminal conversation, or seduction; (3) for libel or slander. Section 3343, subd. 9, provides that a personal injury includes libel, slander, criminal conversation, assault and battery, etc., and section 483 declares that, where a complaint sets forth two or more causes of action, the statement of facts constituting each cause of action must be separately stated and numbered. Held, that a complaint alleging that defendants violently assaulted plaintiff, and then and there in the presence of divers persons falsely and maliciously spoke concerning her certain false slanderous, and defamatory words, alleged two causes of action, which plaintiff was properly required to separate and number.

2. ACTIONS—JOINDER—ASSAULT—SLANDER.

The commission of an assault and the speaking of a slander concerning plaintiff gave rise to two separate causes of action which were not both included within any one subdivision of Code Civ. Proc. § 484, providing the actions that may be united, and hence plaintiff could not unite such causes of action in the same complaint.

Appeal from Special Term, New York County.

Action by Mary Elizabeth Paul against Simeon Ford and another. From an order requiring plaintiff to amend her complaint by stating separately a cause of action for assault and a cause of action for slander, she appeals. Affirmed.

Argued before PATTERSON, P. J., and McLAUGHLIN, INGRAHAM, LAUGHLIN, and HOUGHTON, JJ.

Benjamin Reass, for appellant.
John C. Gulick, for respondents.

· INGRAHAM, J.   The complaint alleges in one paragraph that on the 10th of August, 1906, the defendants, their agents, servants, and employés, violently assaulted this plaintiff, and violently caught and struck her about her arms and body, and did beat, bruise, wound, and ill treat the plaintiff; and then there in the presence of divers persons did falsely and maliciously speak and declare of and concerning the plaintiff certain false, scandalous, and defamatory words. It is further alleged that the statements so made by the defendants were false and untrue, and were made by the defendants maliciously, and that by reason of the aforesaid assault the plaintiff has been made sick, sore, disabled, and distressed, and has suffered severe nervous shock, and that by reason of the slanderous words uttered as aforesaid plaintiff has been greatly injured, all to her damage in the sum of $5,000. There is thus alleged, as part of the same cause of action, an assault upon the plaintiff's person and the speaking of slanderous and defamatory words, which together caused the plaintiff the damage for which she seeks to recover.

There are here two causes of action—one for assault and one for slander—which, under section 484 of the Code of Civil Procedure, could not be united in the same action, and under section 483 of the Code of Civil Procedure such causes of action must be separately stated. The latter section provides that:

"Where the complaint sets forth two or more causes of action, the statement of the facts constituting each cause of action must be separate and numbered."

This motion was therefore properly granted, and the question whether or not these two causes of action can be united is not presented.

That these causes of action are separate is recognized by section 484 of the Code of Civil Procedure, which provides that:

"The plaintiff may unite, in the same complaint, two or more causes of action, * * * where they are brought to recover as follows: * * * (2) For personal injuries, except libel, slander, criminal conversation or seduction. (3) For libel or slander."

By subdivision 9 of section 3343 of the Code of Civil Procedure a "personal injury includes libel, slander, criminal conversation, seduction, and malicious prosecution; also an assault, battery, false imprisonment, or other actionable injury to the person either of the plaintiff, or of another." An action for assault, therefore, being a personal injury, comes within subdivision 2 of section 484 of the Code of Civil Procedure. An action for slander comes within subdivision 3 of section

484 of the Code of Civil Procedure. Thus causes of action for an assault and for libel or slander are stated as separate causes of action.

In the case of Anderson v. Hill, 53 Barb. 238, where, as here, the plaintiff alleged an assault and the speaking of slanderous words at the same time, there was a demurrer to the complaint on the ground that causes of action were improperly joined, and the court held that that complaint stated facts constituting a clear cause of action for assault and battery, and also a clear cause of action for a verbal slander, both in a single count, and that two causes of action were alleged and that they were improperly united. The court said:

"The causes of action are not separately stated, as required by the Code and every other tolerable system or idea of pleading, but both are intermingled and interwoven together in a single fabric of manual and vocal tort. Causes of action for words and blows thrown into a 'hotchpot' and counted upon in that condition. Nothing is claimed as damages for the injury arising from the battery, as such, and nothing for the injury arising from the slander. Neither cause is claimed to have injured separately, but the injury and consequent damages arising from the union of the two wrongs. Should a verdict be rendered in the plaintiff's favor, it must necessarily be a single verdict, and it would not appear, and no one could ascertain, not even the parties themselves, how much the plaintiff had been injured in person, or how much in character, nor what measure of compensation had been awarded for either injury. Surely justice ought not to be so administered, unless the statute imperatively requires it."

In De Wolfe v. Abraham, 151 N. Y. 187, 45 N. E. 455, the complaint alleged a cause of action for slander and a cause of action for false imprisonment, the acts of the defendants complained of happening at the same time and being part of a single occurrence. The court held that these two causes of action could not be united in one proceeding. It was said that:

"False imprisonment is an injury to the person and is embraced within subdivision 2, while slander is in express terms excluded therefrom and placed in subdivision 3. * * * It does not follow that two causes of action, originating at the same time, arose as matter of law out of the same transaction, or are proved by the same evidence"—citing Anderson v. Hill, 53 Barb. 245, 246.

In the plaintiff's cause of action, there were at the same time, and as part of the same occurrence, two wrongs inflicted upon her which, under the Code of Civil Procedure, are designated personal injuries, one of which was an assault and the other a slander. It does not necessarily follow that the claim for damages resulting from these personal injuries arose out of the same transaction so as to bring the case within subdivision 9 of section 484 of the Code of Civil Procedure. Although the occurrences happened at the same time, the transaction which gives the cause of action in the one case was physical force used against the person of the plaintiff, while in the other case were words reflecting upon her character constituting what is known as an action for slander; the transaction in the one case being the assault upon the person and in the other the actionable words spoken. These two injuries each giving a cause of action, the transaction giving each cause of action was the wrongful act of the defendants, but such acts were not the same transaction. For each of these wrongs the law awards the plaintiff a separate cause of action, and, as they are not both included within

any one subdivision of section 484 of the Code of Civil Procedure, they cannot be united in one action. The court, therefore, correctly required the plaintiff to separately state these causes of action.

It follows that the order appealed from must be affirmed, with $10 costs and disbursements. All concur.